IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

KELLY ROARTY,

    Plaintiff,

v.

TYCO INTERNATIONAL LTD. GROUP
BUSINESS TRAVEL ACCIDENT
INSURANCE PLAN, an employee
welfare benefit plan, and
LIFE INSURANCE COMPANY OF
NORTH AMERICA, Plan Administrator,

    Defendants.

C.A. No.

## COMPLAINT

Now comes the Plaintiff, who asserts the following cause of action against the Defendants.

### JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this action under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1132(e), 1331 and supplemental jurisdiction over the pendent state law claims.

2. Venue lies in the District of Delaware under 29 U.S.C. § 1132(e)

### PARTIES

3. Plaintiff Kelly Roarty is a citizen and resident of the State of Delaware. Mrs. Roarty is the widow of Daniel Roarty, and the beneficiary of the ERISA plan for Mr. Roarty. Mr. Roarty was a Senior Product Manager for Scott Instruments. On August 8, 2004, Mr. Roarty was struck and killed by a negligent driver in Pennsylvania while returning home to Newark, Delaware from Pittsburgh, Pennsylvania.

4. Defendant Tyco International Ltd. Business Travel Accident Insurance Plan ("the

Plan") is an employee welfare benefit plan within the meaning of ERISA, which is provided by Tyco International Ltd. (Tyco). As an employee of Tyco, Mr. Roarty was a participant in the Plan, which provided for an accidental death benefit for its employees who die accidentally while traveling on business in the amount of $500,000.

5. Defendant Life Insurance Company of North America is the Plan Administrator of the Plan, and the underwriting company for the Plan. Claims under the Plan are administered through Cigna Group Insurance. Cigna Group Insurance claim services are provided exclusively by underwriting subsidiaries, *inter alia*, Life Insurance Company of North America.

## THE FACTS

6. Tyco International Ltd. (Tyco) is an international company that provides, *inter alia*, electronic security and fire protection solutions in over 100 countries. Its products and services are used towards safeguarding firefighters, preventing fires, deterring thefts and protecting people and property. Scott Instruments, a subdivision of Tyco International Ltd., is one of the largest manufacturers of fixed and portable toxic and combustible gas, heat, and flame detectors in the world.

7. In early 2004, Tyco contracted with a production plant in Pittsburgh, Pennsylvania (the Bacharach Plant) for production of sensor equipment. The sensors were to be delivered to Tyco on April 20, 2004 so that it could distribute them to its customers.

8. In late June 2004, one of Tyco's customers began complaining that the senors that had been ordered from the Bacharach Plant were overdue. Although Tyco made repeated attempts, it was unable to obtain satisfactory answers from the Bacharach Plant about when the sensors would be available. In July 2004, the situation was brought to the attention of Bob Bierzynski, who was Mr. Roarty's supervisor, and who requested that Mr. Roarty attempt to rectify the

problem.

9. By late July 2004, the delay was causing complaints to escalate, and other customers of Tyco, including the City of New York, began threatening to stop using Tyco's services.

10. On July 30, 2004, Mr. Roarty advised his supervisor and others in senior management that he would "go into the Bacharach Plant and find out why the sensor is taking so long to build." Mr. Roarty made arrangements to visit the Bacharach Plant the following week since he was beginning a vacation on July 30, 2004 and was going to be in Pittsburgh.

11. In order to visit the Bacharach Plant, Mr. Roarty altered his vacation plans. Originally Mr. Roarty was going to drive with his wife and family in one car and leave sometime during the week of August 2, 2004. Instead, Mr. Roarty drove a separate car so that he could spend as much time as necessary at the Bacharach Plant dealing with this important business problem. He departed earlier than planned, departing for Pittsburgh on August 2, 2004 so he would have time to deal with the issues at the Bacharach Plant. Since he was traveling on business, Mr. Roarty brought with him his laptop, briefcase and cell phone.

12. Mr. Roarty arranged a meeting at the Bacharach Plant for August 3, 2004. This meeting was scheduled for himself, another Tyco employee and the Regional Manager for Scott Instruments, and two members of management at the Bacharach Plant in order to discuss delivery and production of the sensors. While Mr. Roarty was driving to Pittsburgh, the meeting was rescheduled for August 5, 2004.

13. After Mr. Roarty had arrived in Pittsburgh, an agreement was reached between Tyco and the Bacharach Plant, on August 4, 2004, on production dates, so the meeting was cancelled and Mr. Roarty was advised accordingly. Mr. Roarty, however, continued to make business phone calls.

14. Mr. Roarty remained in Pittsburgh and continued to conduct business on behalf of Tyco. After attending a wedding, which was on August 7, 2004, he began the journey home to Newark, Delaware on August 8, 2004.

15. On August 8, 2004, in the Commonwealth of Pennsylvania at approximately 3:48 p.m, while traveling home, the driver of a small sport truck failed to stop for a stop sign and collided with Mr. Roarty's vehicle, forcing Mr. Roarty's vehicle about seventy feet from the point of impact. Mr. Roarty was pronounced dead at the scene of the collision.

## THE ADMINISTRATIVE PROCESS

16. On September 3, 2004, as the named primary beneficiary in Tyco's Group Business Travel Accident Insurance Plan, Mrs. Roarty filed a claim for benefits, and provided the necessary information and documentation, which included, a certified copy of Mr. Roarty's Death Certificate, the police crash report and a newspaper article reporting the crash and death.

17. On November 18, 2004, Felicia Johnson, the Life Claims Coordinator for Tyco, sent Mrs. Roarty's claim to Cigna Group Insurance, along with the documentation provided by Mrs. Roarty.

18. On December 17, 2004, Cigna wrongfully denied Mrs. Roarty's claim alleging that Mr. Roarty was not on an authorized business trip at the time of his death. Cigna stated that, Nicole Gibian, an employee in the Human Resources Department of Tyco, in Boca Raton, Florida, provided it with a brief letter stating "Please use this letter as clarification that Mr. Roarty was NOT on business travel at the time of the accident that caused his death." Cigna did no further investigation.

19. On February 12, 2005, Mrs. Roarty appealed Cigna's decision, and provided documentation, including Mr. Roarty's July 30, 2004 e-mail, that established that his trip to

Pittsburgh was an authorized business trip.

20. After receiving Mrs. Roarty's appeal, Cigna attempted to contact Nicole Gibian, the HR representative in Tyco's Florida office, who originally had stated that Mr. Roarty was not on an authorized business trip. Ms. Gibian, however, was no longer employed with Tyco. Cigna, therefore, attempted "to reach another representative at the group to verify that they are comfortable with their original statement." On March 11, 2005, Cigna received a phone call from Felicia Johnson, another employee in the Human Resources Department of Tyco, in Boca Raton, Florida. Ms. Johnson advised Cigna that Mr. Roarty was not on business travel at the time of his death, but she would have Mr. Roarty's office fax a statement confirming that he was on a personal vacation at the time of the accident and that Cigna would receive it the following week. Cigna, however, never received any such statement.

21. On March 24, 2005, without any further investigation, and solely relying upon the Florida HR employee's incorrect and uncorroborated claim, Cigna denied Mrs. Roarty's appeal.

## COUNT I - ERISA

22. The allegations above are incorporated by reference as if fully restated.

23. Plaintiff is entitled to benefits from the Tyco International Ltd. Business Travel Accident Insurance Plan.

24. Plaintiff has followed the claims procedures and otherwise has exhausted the administrative remedies available to claim her right to benefits under the Plan.

25. Defendants have arbitrarily and capriciously denied Plaintiff the benefits under the Plan.

26. Defendant Life Insurance Company of North America/Cigna's decision's to deny Plaintiff the benefits under the Plan was the result of a conflict of interest that it inherently has

since it both funds and administers the Plan.

## COUNT II - BREACH OF FIDUCIARY DUTIES UNDER ERISA

27. The allegations above are incorporated by reference as if fully restated.

28. Defendant Life Insurance Company of North America/Cigna breached the fiduciary duties owed to Plaintiff under the Employee Retirement Income Security Act by, *inter alia*, summarily denying her claim without any full or adequate or proper evaluation or investigation, and as a result of its inherent conflict of interest.

## COUNT III - BREACH OF CONTRACT

29. The allegations above are incorporated by reference as if fully restated.

30. Defendants breached the Tyco International Ltd. Business Travel Accident Insurance Plan, to which Plaintiff was the named primary beneficiary, by wrongfully failing to provide her with the benefits under the contract.

**WHEREFORE**, Plaintiff prays that judgment be entered against the Defendants, jointly and severally, and that the Court declare, and she be specifically awarded, her entitlement to the benefits under the Plan, damages for violation of ERISA, pre and post judgment interest, costs and attorneys' fees, and for such other and further relief, legal or equitable, as may be just and appropriate.

**RICHARD R. WIER, JR., P.A.**

/s/ Richard R. Wier, Jr.
Richard R. Wier, Jr. (#716)
Daniel W. Scialpi (#4146)
Two Mill Road, Suite 200
Wilmington, DE 19806
(302)888-3222
RWier@wierlaw.com

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Kelly Roarty

**DEFENDANTS**
Tyco International Ltd. Group Business Travel Accident Insurance Plan, and Life Insurance Company of North America

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: New Castle
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: New Castle
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Richard R. Wier, Jr., Daniel W. Scialpi
Two Mill Road, Suite 200
Wilmington, DE 19806
(302) 888-3222

ATTORNEYS (IF KNOWN)

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☒ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Employee Retirement Income Security Act

**VII. REQUESTED IN COMPLAINT:** CHECK IF THIS IS A **CLASS ACTION** ☐ UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE: 3/23/06
SIGNATURE OF ATTORNEY OF RECORD: [signature]

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. _____06 - 195_____

# ACKNOWLEDGMENT OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF ___2___ COPIES OF AO FORM 85.

___3-23-06___                    ___[signature] Bryan Farmer___
(Date forms issued)              (Signature of Party or their Representative)

                                 _____
                                 (Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action