IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KELLY ROARTY,<br><br>        **Plaintiff**<br>v.<br><br>TYCO INTERNATIONAL, LTD. GROUP BUSINESS TRAVEL ACCIDENT INSURANCE PLAN and LIFE INSURANCE COMPANY OF NORTH AMERICA,<br><br>        **Defendants** | **Civil Action No: 06-0195** |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendants Tyco International, Ltd. Group Business Travel Accident Insurance Plan ("Plan") and Life Insurance Company of North America ("LINA") hereby respond to the general allegations and Count I of the Complaint.

### JURISDICTION AND VENUE

1. The allegations of paragraph 1 constitute conclusions of law to which no responsive pleading is required.

2. The allegations of paragraph 2 constitute conclusions of law to which no responsive pleading is required.

### PARTIES

3. Defendants admit the allegations of paragraph 3 based on information and belief.

4. Defendants admit the allegations of paragraph 4.

5. Defendants admit that LINA is the underwriting company of the Plan and the Plan's claims fiduciary. LINA denies that it is the Plan administrator. LINA denies that the

Doc #: 163304

Plan is administered through Cigna Group Insurance and represents that Cigna Group Insurance is a service mark registered in Delaware. LINA admits that its claim services are provided exclusively through its underwriting subsidiaries, including LINA.

## THE FACTS

6. Defendants admit the allegations of paragraph 6 based on information and belief.

7. Defendants lack knowledge or information sufficient to form a belief as the truth of the allegations of paragraph 7 and therefore deny them.

8. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 and therefore deny them.

9. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 and therefore deny them.

10. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 and therefore deny them.

11. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 and therefore deny them.

12. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 and therefore deny them.

13. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 and therefore deny them.

14. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 and therefore deny them.

15. Defendants generally admit that Daniel Roarty was killed in a motor vehicle accident in the Commonwealth of Pennsylvania on or about August 8, 2004. Defendants lack knowledge or information sufficient to form a belief as the truth of the remaining allegations of paragraph 15 and therefore deny them.

### THE ADMINISTRATIVE PROCESS

16. Defendants admit that Plaintiff filed a claim for benefits on or about September 3, 2004 and provided certain documents. Defendants deny the remaining allegations of paragraph 16.

17. Defendants admit that Felicia Johnson forwarded Plaintiff's claim to LINA on or about November 18, 2004. Defendants lack knowledge or information sufficient to form a belief as the truth of the remaining allegations of paragraph 17 and therefore deny them.

18. Defendants admit that LINA denied Plaintiff's claim for Plan benefits because Daniel Roarty was not engaged in authorized business travel at the time of his death. Defendants deny the remaining allegations of paragraph 18.

19. Defendants admit that Plaintiff appealed from the initial denial decision. Defendants deny the remaining allegations of paragraph 19.

20. Defendants admit that they received written confirmation from Tyco International, Ltd. that he was not engaged in authorized business travel at the time of his death and relied on that information in their decision to deny Plan benefits. Defendants deny the remaining allegations of paragraph 20.

21. Defendants deny the allegations of paragraph 21.

## COUNT I – ERISA

22. Defendants' responses to the foregoing allegations of the Complaint are incorporated here by reference as if fully restated.

23. The allegations of paragraph 23 constitute conclusions of law to which no responsive pleading is required.

24. The allegations of paragraph 24 constitute conclusions of law to which no responsive pleading is required. To the extent that an answer is required, Defendants deny the allegations of paragraph 24

25. The allegations of paragraph 25 constitute conclusions of law to which no responsive pleading is required.

26. The allegations of paragraph 26 constitute conclusions of law to which no responsive pleading is required. To the extent that an answer is required, Defendants deny the allegations of paragraph 26.

## COUNTS II AND III

Defendants have separately moved for dismissal of Counts II and III under Rule 12 (b)(6) for failure to state a claim upon which the Court can grant relief. Defendants reserve the right to answer the allegations of Counts II and III if required after disposition of their motion for dismissal, and to assert such affirmative defenses as they deem necessary.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a cause of action upon which plaintiff can recover.

2. Plaintiff is not entitled to recover damages for violation of ERISA, pre or post judgment interest, attorney fees and/or costs of action.

3. Plaintiff's claims may be barred in whole or in part by her failure to satisfy the terms and conditions set forth under the Plan, including but not limited to the timeliness of plaintiff's appeal.

4. Plaintiff's claims may be barred in whole or in part by the doctrines of waiver, estoppel and/or laches.

5. The decision to deny plaintiff's claim for business travel accident death benefits neither arbitrary nor capricious, and was a reasonable, correct and appropriate decision that properly determined plaintiff's eligibility for benefits at the time of the claim denial.

6. Defendants reserve the right to amend, modify and/or supplement their affirmative defenses as it discovers further information with regard to plaintiff's claims.

NELSON LEVINE de LUCA & HORST, LLC

BY: _____
MARK STEPHENSON, ESQUIRE
ATTORNEYS FOR DEFENDANTS TYCO
INTERNATIONAL, LTD. GROUP BUSINESS
TRAVEL ACCIDENT INSURANCE PLAN
and LIFE INSURANCE COMPANY OF
NORTH AMERICA

and

JEFFREY K. MARTIN (#2407)
1509 GILPIN AVENUE
WILMINGTON, DE 19806

Dated: May 10, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KELLY ROARTY,<br><br>         Plaintiff<br>v.<br><br>TYCO INTERNATIONAL, LTD. GROUP BUSINESS TRAVEL ACCIDENT INSURANCE PLAN and LIFE INSURANCE COMPANY OF NORTH AMERICA,<br><br>         Defendants | Civil Action No: 06-0195 |

### CERTIFICATE OF SERVICE

I, Mark Stephenson, Esquire, hereby certify that a true and correct copy of the Answer and Affirmative Defenses was served on May 10, 2006, upon counsel listed below by United States Mail, postage prepaid.

        Richard R. Wier, Jr.
        Two Mill Road, Suite 200
        Wilmington, DE 19806

        **NELSON LEVINE de LUCA & HORST, LLC**

        BY: _/s/ Mark Stephenson_
        MARK STEPHENSON, ESQUIRE
        ATTORNEYS FOR DEFENDANTS TYCO INTERNATIONAL, LTD. GROUP BUSINESS TRAVEL ACCIDENT INSURANCE PLAN and LIFE INSURANCE COMPANY OF NORTH AMERICA

Date: May 10, 2006