IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KELLY ROARTY,<br><br>              **Plaintiff**<br>v.<br><br>TYCO INTERNATIONAL, LTD. GROUP<br>BUSINESS TRAVEL ACCIDENT<br>INSURANCE PLAN and LIFE INSURANCE<br>COMPANY OF NORTH AMERICA,<br><br>              **Defendants** | Civil Action No: 06-0195 |

**DEFENDANTS' MOTION TO DISMISS
COUNTS II AND III OF THE COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 12 (b) (6), Defendants Tyco International, Ltd. Group Business Travel Accident Insurance Plan ("Plan") and Life Insurance Company of North America ("LINA") move for the dismissal of Counts II and III of the Complaint because they fail to state claims upon which the Court could grant relief.

In support, Defendants allege the following:

1.    On March 23, Plaintiff filed a Complaint with this Court, alleging that she has been improperly denied accidental death benefits in connection with group life insurance sponsored and maintained by her deceased husband's employer.

2.    Plaintiff seeks to recover these allegedly improperly denied benefits under multiple provisions of Section 502 (a) of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1132 (a), as well as by asserting a breach of contract claim against Defendants under Delaware common law.

Doc #: 163215

3. In summary, Plaintiff alleges that (a) her husband was killed in a motor vehicle accident while traveling on business for his employer, (b) that the employer sponsored and maintained a program of employee benefits that included a death benefit if one of its employees died during business travel, (c) that her husband had been covered under the Plan, and (d) that LINA has improperly denied her claim for the Plan business travel accident death benefit.

4. As her Complaint now stands, in addition to seeking relief under ERISA § 502 (a)(1)(B), 29 U.S.C. § 1132(a)(1)(B) in Count I of her Complaint, Plaintiff also seeks relief in Count II of her Complaint for breach of fiduciary duty under ERISA. Plaintiff does not cite either § 502(a)(2) or (3), which allow a right of action for such breach but which, as a matter of law, cannot provide the relief that Plaintiff seeks.

5. By letter dated May 3, 2006, through her counsel Plaintiff states that her breach of fiduciary claim arises under § 502(a)(3).

6. ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), allows civil actions "by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." Again as demonstrated in Defendants' supporting memorandum of law, Plaintiff cannot seek "other equitable relief" under this subsection when he has a specific remedy available to her in ERISA § 502 (a) (1) (B). Moreover, a claim for money due and owed, *i.e.*, denied plan benefits, is not equitable relief and cannot fall under this section. Again, even if Plaintiff could establish facts to support a claim for Plan benefits, the Court would not be able to grant her relief under this subsection.

7. Lastly, Plaintiff alleges a breach of contract under Delaware common law. As Defendants demonstrate, this claim relates to the Plan's administration of benefits and is therefore preempted by ERISA § 514(a), 29 U.S.C. § 1144(a).

          **NELSON LEVINE de LUCA & HORST, LLC**

BY: _/s/ Mark Stephenson_
MARK STEPHENSON, ESQUIRE
ATTORNEYS FOR DEFENDANTS TYCO
INTERNATIONAL, LTD. GROUP BUSINESS
TRAVEL ACCIDENT INSURANCE PLAN
and LIFE INSURANCE COMPANY OF
NORTH AMERICA

and

JEFFREY K. MARTIN (#2407)
1509 GILPIN AVENUE
WILMINGTON, DE 19806

Dated: May 10, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KELLY ROARTY,<br><br>　　　　　Plaintiff<br>v.<br><br>TYCO INTERNATIONAL, LTD. GROUP BUSINESS TRAVEL ACCIDENT INSURANCE PLAN and LIFE INSURANCE COMPANY OF NORTH AMERICA,<br><br>　　　　　Defendants | Civil Action No: 06-0195 |

## CERTIFICATE OF SERVICE

I, Mark Stephenson, Esquire, hereby certify that a true and correct copy of Defendants' Motion to Dismiss Counts II and III of the Complaint and supporting Memorandum of Law was served on May 10, 2006, upon counsel listed below by United States Mail, postage prepaid.

Richard R Wier, Jr., Esquire
Two Mill Road
Suite 200
Wilmington, DE 19806

　　　　　　　　　　　　　　　　NELSON LEVINE de LUCA & HORST, LLC

　　　　　　　　　　　　　　　　BY: _____
　　　　　　　　　　　　　　　　MARK STEPHENSON, ESQUIRE
　　　　　　　　　　　　　　　　ATTORNEYS FOR DEFENDANTS TYCO
　　　　　　　　　　　　　　　　INTERNATIONAL, LTD. GROUP BUSINESS
　　　　　　　　　　　　　　　　TRAVEL ACCIDENT INSURANCE PLAN
　　　　　　　　　　　　　　　　and LIFE INSURANCE COMPANY OF
　　　　　　　　　　　　　　　　NORTH AMERICA

Date: May 10, 2006