IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KELLY ROARTY,<br><br>              Plaintiff<br>v.<br><br>TYCO INTERNATIONAL, LTD. GROUP<br>BUSINESS TRAVEL ACCIDENT<br>INSURANCE PLAN and LIFE INSURANCE<br>COMPANY OF NORTH AMERICA,<br><br>              Defendants | Civil Action No: 06-0195 |

**DEFENDANTS' MEMORANDUM OF LAW IN
SUPPORT OF DISMISSAL OF COUNTS II AND III OF THE COMPLAINT.**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants Tyco International, Ltd. Group Business Travel Accident Insurance Plan ("Plan") and Life Insurance Company of North America ("LINA") submit the following arguments and legal authorities in support of dismissal of Counts II and III of the Complaint because they fail to state claims upon which the Court could grant relief.

I. **INTRODUCTION**

On March 23, Plaintiff filed a Complaint with this Court, alleging that she has been improperly denied accidental death benefits in connection with group life insurance sponsored and maintained by her deceased husband's employer. Plaintiff seeks to recover these allegedly improperly denied benefits under multiple provisions of Section 502 (a) of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1132(a), as well as by asserting a breach of contract claim against Defendants under Delaware common law.

Doc #: 163260

In summary, Plaintiff alleges that (a) her husband was killed in a motor vehicle accident while traveling on business for his employer, (b) that the employer sponsored and maintained a program of employee benefits that included a death benefit if one of its employees died during business travel, (c) that her husband had been covered under the Plan, and (d) that LINA has improperly denied her claim for the Plan business travel accident death benefit.

As her Complaint now stands, in addition to seeking relief under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B) in Count I of her Complaint, Plaintiff also seeks relief in Count II of her Complaint for breach of fiduciary duty under ERISA. Plaintiff does not cite either Sections 502(a)(2) or (3), which allow a right of action for such breach but which, as a matter of law, cannot provide the relief that Plaintiff seeks.

## II. LEGAL ARGUMENT

### A. The Rule 12 (b) (6) Standard

A motion to dismiss for failure to state a claim under Rule 12(b)(6) must be granted when a Plaintiff cannot prove any set of facts, consistent with the complaint, which would entitle him or her to relief. *Ransom v. Marrazzo*, 848 F.2d 398, 401 (3d Cir.1988). The Court may look only to the facts alleged in the complaint and its attachments. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir.1994). The Court must accept as true all well-pleaded allegations in the complaint and view them in the light most favorable to the Plaintiff. *Angelastro v. Prudential-Bache Securities, Inc.*, 764 F.2d 939, 944 (3d Cir.1985). However, the Court "need not credit a complaint's 'bald assertions' or 'legal conclusions.' " *California Pub. Employee Ret. Sys. v. The Chubb Corp.*, 394 F.3d 126, 143 (3d Cir.2004) (citations omitted).

Similarly, on a motion to dismiss under Rule 12(b)(6), the Court is not required to make or accept unwarranted factual inferences. *In re NAIC, Inc. Sec. Litig.*, 306 F.3d 1314, 1322-23 (3d Cir. 2002). Additionally, the Court will not assume that the plaintiff can prove facts that he or she has not alleged. *City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 263, n.13 (3d Cir. 1998).

### B. Plaintiff's Benefit Claim Under ERISA § 502 (a) (3) Should be Dismissed.

Count I alleges that Defendants have improperly denied her benefits, which she is entitled to receive under ERISA § 502(a)(1)(B). This section does not create a private cause of action for breach of fiduciary duty. *Haberern v. Kaupp Vascular Surgeons Ltd. Defined Benefit Pension Plan*, 24 F.3d 1491, 1501 (3d Cir. 1994). Plaintiff makes a generic claim of breach of fiduciary duty under ERISA and thereby implicates the "catch-all" remedial provision of ERISA § 502(a)(3*). See* Complaint at Counts I and II.[1]

ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), allows civil actions "by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan."

A plaintiff is not permitted to seek "other equitable relief" under Section 502(a)(3) where he or she seeks a remedy for precisely the same alleged wrong under Section 502(a)(1)(B).[2] The Supreme Court has foreclosed this misuse of Section 502(a)(3) in *Varity*

---

[1] By letter dated May 3, 2006, through her counsel Plaintiff has advised that she does not allege a breach of fiduciary duty under § 502(a)(2).

[2] The Third Circuit has allowed a plaintiff to maintain a § 502 (a) (3) claim only under the narrowest of circumstances when the underlying cause of action is a claim for denied welfare benefits and § 502 (a)(1)(B) affords a remedy. A § 502 (a)(3) claim is available only to the extent that, after proving entitlement to benefits and that payment has been delayed, a trial court may determine that an award of pre-judgment interest is appropriate. *Skretvedt v. E.I. Dupont de Nemours*, 372 F.3d 193, 205 (3d Cir. 2004).

3

*Corporation v. Howe*, 516 U.S. 489, 515 (1996) ("Thus, we should expect that where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be "appropriate.").

The Third Circuit has extended *Varity's* holding in *Harrow v. Prudential Life Ins. Co.*, 279 F.3d 244, 254-55 (3d Cir. 2002). There, the court found that a claim for coverage of Viagra under an ERISA prescription drug plan could not be stated as a claim for breach of fiduciary duty. The court in *Harrow* explained that a claim for reach of fiduciary duty is "actually a claim for benefits were the resolution of the claim rests upon an interpretation and application of an ERISA-regulated plan rather than an interpretation and application of ERISA." *Id.* (citing *Smith v. Sydnor*, 184 F.3d 356, 362 (4th Cir. 1999)). Applying that standard, the court found that the plaintiff's claim in that *Harrow* was simply based upon an allegation of a wrongful denial of a benefit, which is properly brought as a claim pursuant to ERISA § 502(a)(1)(B), not as a claim for breach of fiduciary duty.

The Supreme Court has restricted the scope of "equitable relief," holding that a claim is not authorized under § 502(a)(3)(B) unless the plaintiff is seeking relief that fits within "those categories of relief that were typically available in equity ..." *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 256 (1993); *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 210 (2002).

In *Knudson*, the plaintiff insurer brought an action for reimbursement under the terms of the insurance policy that underwrote plan benefits. By seeking reimbursement, the Supreme Court found that Plaintiff had sought "in essence, to impose personal liability on respondents for a contractual obligation to pay money." *Id.* at 210. Denying plaintiff's claim, the Court noted that "a claim for money due and owning under a contract [was] quintessentially

4

an action at law" as opposed to being in equity. *Id.* The Court emphasized that "[A]lmost invariably, .... suits seeking (whether by judgment, injunction, or declaration) to compel the defendant to pay a sum of money to the plaintiff are suits for 'money damages,' as that phrase has traditionally been applied, since they seek no more than compensation for loss resulting from the defendant's breach of legal duty." *Id.* (quoting *Bowen v. Mass.*, 487 U.S. 879, 918-19 (1988).

Plaintiff's breach of fiduciary duty claim asks this Court to find Defendants personally liable to pay her money, *i.e.*, the business travel accident insurance proceeds, that she alleges is due and owing to her. As *Knudson* made clear, "[I]n order to recover the kind of equitable restitution that might be available under §502(a)(3), an "action generally must not seek to impose personal liability on the defendant, but to restore to the plaintiff particular funds or property in the defendant's possession." *Id.* at 214. Plaintiff's breach of fiduciary duty claim is for legal restitution and cannot be maintained under § 502(a)(3).

Since *Knudson,* the Third Circuit has signaled its intention to apply *Great-West's* narrow interpretation of equitable relief strictly. For example, in *Horvath v. Keystone Health Plan East, Inc.,* 333 F.3d 450, 457 n.3 (3d Cir. 2003), the court commented that claims for restitution and disgorgement based on contractual obligations are likely barred by ... *Great West."*

In *Ranke v. Sanofi-Synthelabo*, 2004 WL 2473282 (E.D.Pa. 2004), plaintiffs were members of a pension play whose benefit formula had changed after a merger. Plaintiffs alleged a breach of fiduciary duty under § 502(a)(1)(B) and demanded that the formula be amended to their favor. The court rejected plaintiffs' contention that reinstatement of the prior benefit formula was equitable in nature, finding that the necessary effect of the formula was to compel

defendant to pay them money at some future date, a remedy the court held was not within the scope of § 502 (a)(3). The court explained:

> Plaintiffs, while not alleging that they are in fact entitled to increased benefits under the terms of the current plans, claim that they are entitled to these benefits because they suffered harm from reliance on Defendants' misrepresentations. This form of relief appears to be within the scope of non-equitable money damages defined by the Supreme Court as "compensation for loss resulting from the defendant's breach of legal duty." As the requested remedy in this case would ultimately require Defendants to pay out a sum of money upon Plaintiffs' retirement, and as this remedy does not appear to fall within one of the few exceptions outlined in *Great-West*, we find that Plaintiffs' request for reinstatement of benefits is not within the scope of "appropriate equitable relief" authorized by ERISA § 502(a)(3).

Id. at *7 Internal citation omitted). As Judge Joyner noted in *Ranke*, a number of courts have reached similar results on similar facts. See *Tannenbaum v. UNUM Life Ins. Co.*, No. 03-1410, 2004 U.S. Dist. LEXIS 5664 at 18-19, 2004 WL 1084658 (E.D.Pa.2004) (rejecting plaintiff's demand for restitution of benefits due under a plan and unpaid because of defendant's breach of fiduciary duty as a legal, rather than equitable remedy); *Weinreb v. Hospital for Joint Diseases Orthopaedic Institute*, 285 F.Supp.2d 382, 388 (S.D.N.Y.2003) (finding that a request for an injunction directing employer to enroll plaintiff in a benefits plan was a "thinly disguised attempt" to recover compensatory damages); *Blum v. Spectrum Rest. Group Empl. Grp. Life and Suppl Life Plan*, 2003 WL 302218 (E.D. Tex. 2003) (plaintiff has no claim to recover denied insurance benefit under § 502(a)(3) if he has a remedy under § 502 (a)(1)(B); *Caffey v. Unum Life Ins. Co.*, 302 F.3d 576, 583-84 (6th Cir.2002) (rejecting plaintiff's claim for reinstatement of lost health benefits, although framed as a request for equitable restitution under ERISA § 502(a)(3), as not permitted after *Great-West*); *Hartman v. Wilkes-Barre General Hospital*, 237 F. Supp. 2d 552 (M.D. Pa. 2002) (holding that plaintiff's claim to recover denied benefits was a claim for money due and owing was not for "equitable relief").

Defendants anticipate that Plaintiff may rely upon *Jackson v. Chevron Corporation Long-Term Disability Org., Inc.*, 2006 WL 231595, No. 05-CV-3590 (D.N.J. Jan. 30, 2006), a case which must be distinguished on its facts. In *Jackson*, plaintiff alleged a breach of fiduciary duties under "Part 4 of Title I of ERISA," an allegation so generic as to contain all provisions concerning fiduciary duty under ERISA. *Id.* at *2. Crucially, plaintiff made no demand for monetary damages in connection with her breach of fiduciary duty claim. The court found that the claim might seek relief that as the relief plaintiff sought appeared not to be for monetary damages.

Plaintiff's damages are for money due and owing and, with only a very minor exception, not equitable relief, such that the Court cannot grant relief upon a claim made under § 502(a)(3).

### C. Plaintiff's Breach of Contract Claim is Preempted and Should be Dismissed.

In Count III, Plaintiff alleges that Defendants' denial of Plan benefits was a breach of contract under Delaware law. The Third Circuit has held that suits against insurance companies for denial of benefits, even when the claim is couched in terms of common law negligence or breach of contract, are preempted by ERISA. *Pryzbowski v. U.S. Healthcare, Inc.*, 245 F.3d 266, 278 (3d Cir.2001); *see also Pane v. RCA Corp.*, 868 F.2d 631, 635 (3d Cir.1989).

III.   CONCLUSION

In consideration of the arguments and legal authorities set forth herein, Defendants respectfully request that this Court grant Defendant's motion and dismiss Counts II and III of the Plaintiff's Complaint. A proposed Order is attached to Defendants' motion.

NELSON LEVINE de LUCA & HORST, LLC

BY: _____
MARK STEPHENSON, ESQUIRE
ATTORNEYS FOR DEFENDANTS TYCO
INTERNATIONAL, LTD. GROUP BUSINESS
TRAVEL ACCIDENT INSURANCE PLAN
and LIFE INSURANCE COMPANY OF
NORTH AMERICA

and

JEFFREY K. MARTIN (#2407)
1509 GILPIN AVENUE
WILMINGTON, DE 19806

Dated: May 10, 2006