UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KELLY ROARTY,<br><br>          Plaintiff,<br>v.<br><br>TYCO INTERNATIONAL, LTD. GROUP<br>BUSINESS TRAVEL ACCIDENT<br>INSURANCE PLAN and LIFE INSURANCE<br>COMPANY OF NORTH AMERICA,<br><br>          Defendants. | Civil Action No:<br><br>06-0195-GMS |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF
DISMISSAL OF COUNTS II AND III OF THE COMPLAINT**

Defendants Tyco International, Ltd. Group Business Travel Accident Insurance Plan ("Plan") and Life Insurance Company of North America ("LINA") submit the following reply arguments and legal authorities pursuant to Local Rule 7.1.2.

    I.    **Plaintiff Has Effectively Conceded that Count III Should Be Dismissed.**

Plaintiff has pleaded that her claims arise under ERISA and that the Court has federal question jurisdiction over this case. *See* Complaint, ¶ 1. Plaintiff alleges that the Plan is an "employee welfare benefit plan" within the meaning of 29 U.S.C. § 1002 (1). *Id.* at ¶ 4. Plaintiff alleges that her husband worked for Tyco International, Ltd. ("Tyco"), who participated in the Plan. *Id.* Defendants have admitted these allegations to be true. *See* Defendants' Answer and Affirmative Defenses, ¶ 4. Thus, on the pleadings before the Court, the parties admit that ERISA governs the Plan and the adjudication of this action.

Doc #: 169352

Plaintiff does not take the position that her state law breach contract claim escapes ERISA's broad preemption. Instead, she argues that she is entitled to maintain her state law breach of contract claim because the Court has yet to affirm what the parties have admitted, *i.e.*, that ERISA governs this claim. *See* Plaintiff's Answering Brief at pp. 14-15. ("Therefore, until this Court judicially determines that the Tyco Plan is covered by ERISA, her state law claim cannot be preempted.")

Considering that the parties mutually admit that Plaintiff's entitlement to benefits, if any, is governed by ERISA, under the well pleaded allegations of the Complaint, the Court should find that the Plan meets the definition of an "employee welfare benefit plan" and, therefore, find that ERISA preempts Plaintiff's state law claims.

II. **Plaintiff Seeks Legal Relief in this Case and Cannot Maintain a Claim under ERISA §502(a)(3)(B).**

Plaintiff's lawsuit states what can be fairly characterized as a typical claim to recover benefits that an ERISA plan provides to eligible beneficiaries. Her claim is straightforward concerning the facts. Tyco sponsored a Plan for employees that paid a benefit if the employee died while traveling on business for Tyco. Her husband, a Tyco employee, died while allegedly engaged in business travel for Tyco. It is further alleged that LINA improperly denied benefits after Tyco advised in writing that Mr. Roarty had not been engaged in business travel for Tyco when he died. *See* Complaint, ¶¶ 4, 10-15, 18-21.

In support of her § 502(a)(1)(B) claim, Plaintiff contends that Tyco's and LINA's decision was arbitrary and capricious, and that LINA's decision was tainted by conflict of interest as the result of its role as claim fiduciary and benefit underwriter. *Id.* At pp. 25-26. In support of

her §502(a)(3)(B) claim, Plaintiff contends that LINA breached fiduciary duties that it owed her by "summarily denying her claim without any full or adequate or proper evaluation of investigation, and as a result of its inherent conflict of interest." *Id.* At p. 28. In Counts I and II, Plaintiff asks for an award of money damages, *i.e.*, the death benefit, plus attorney fees,[1] costs and unspecified money damages for violation of ERISA. *Id.* at p. 6.

Defendants have previously presented numerous authorities that hold that an ERISA plaintiff has no claim to recover denied insurance benefits under §502(a)(3)(B) if he or she has a remedy under §502(a)(1)(B)[2]. *See* Defendants' Memorandum of Law at p. 6. *See also Crosley v. Composition Roofers Union Local 30 Employee's Pension Plan*, No. 04-5954, 2005 WL 2782547, at *3 (E.D.Pa. 2005) (request for monetary damages equal to Plan benefit is "compensation for loss resulting from the defendant's breach of legal duty") (citing *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 210 (2002); *Young v. Reconstructive Orthopaedic Assocs., II, P.C.*, No. 03-2034, 2005 WL 627796 (E.D.Pa. 2005) (same). These cases considered the nature of the remedy requested. They found in each instance that the plaintiff sought to impose personal liability on the defendant for a contractual obligation to pay money, exactly as Plaintiff seeks to do in Count I of her Complaint. Applying the principle set forth in *Knudson*, these courts held that a claim to recover denied benefits is a form of legal relief that traditional equitable remedies did not include, such that §502(a)(3)(B) barred the claim

The Supreme Court's recent decision in *Seberoff v. Mid Atlantic Medical Services, Inc.*, ___ U.S. ___, 126 S.Ct. 1869 (5/15/2006) does not change this result. In

---

[1] Plaintiff cannot rely on her request for attorney fees and costs as "equitable relief" for the purposes of maintaining her ERISA §502(a)(3)(B) claim as matter of law. *Crosley*, infra, 2005 WL 2782547, at*4 (citing *Michaels v. Breedlove*, App. No. 03-4891, 2004 WL 2809996, at 1-2 (3d Cir. No.04-5954 Dec. 8, 2004)).

[2] Plaintiff's contentions of a conflicted insurer's wrongful denial of benefits and a failure to investigate fall squarely within the confines of an ERISA §502(a)(1)(B) claim. *See, e.g., Pinto v. Reliance Standard Life Ins. Co.*, 214 F.3d 377 (3d Cir. 200).

*Seberoff*, the Plan contained an "Acts of Third Parties" provision, stating that if "a beneficiary is sick or was injured as a result of the act or omission of a another person or party" and was paid benefits, he or she was obligated to reimburse the plan for those benefits from "[a]ll recoveries from a third party (whether by lawsuit, settlement or otherwise)". *Sereboff*, 126 S.Ct. at 1872. The Sereboffs, a husband and wife, were injured in a car accident and the Plan paid their medical expenses. They sued third parties with regard to the accident and demanded compensatory damages. The Plan sent the Sereboffs' attorney several letters reminding him of his clients' repayment obligation. When the Sereboffs' suit settled, they failed to reimburse the Plan for its payment of their medical expenses. The Plan brought suit under §502(a)(3), seeking to collect the medical expenses it had paid and for a temporary restraining order that would bar the Sereboffs from transferring the funds to any other party. *Id*. at 1872-73.

The Supreme Court distinguished Mid Atlantic's collection action from that involved in *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204 (2002), noting that the Benefit plan sought specifically identifiable funds that were in the Sereboffs' possession and control. The Court held that the plan's recovery action was "indistinguishable from an action to enforce an equitable lien established by agreement" and previously considered in *Barnes v. Alexander*, 232 U.S. 117 (1914). *Barnes* involved a claim by two attorneys, who had done work for a third, on a promise of payment of one-third of the expected contingency fee. The *Barnes* court affirmed their entitlement to the fee, relying on "the familiar rul[e] of equity that a contract to convey a specific object even before it is acquired will make the contractor a trustee as soon as he gets a title to the thing." *Sereboff*, 126 S.Ct. at 1875 (citing *Barnes*, 232 U.S. at 121).

The Supreme Court held that the "Act of Third Parties" provision in the

Sereboffs' plan specifically identified a fund that was distinct from the Sereboffs' general assets, *i.e.*, "all recoveries from a third party," and the particular share to which the Plan was entitled. *Id.* at 1875. An equitable lien by agreement had come into existence, and Mid Atlantic was entitled to recover from it. *Id.*

In the instant matter, Plaintiffs have failed to plead the existence of an equitable lien or Plan terms that constitute any promise other than the contractual promise to pay benefits if Plaintiff is eligible to receive them. Considering the Supreme Court's strong caveat in *Knudson* that equitable relief must be narrowly construed, 534 U.S. at 210 ("[A]lmost invariably, ... suits seeking (whether by judgment, injunction, or declaration) to compel the defendant to pay a sum of money to the plaintiff are suits for 'money damages'), the Court should find that Plaintiff has failed to state a claim for equitable relief that is cognizable under ERISA §502(a)(3)(B) and dismiss Count II of her Complaint with prejudice.

NELSON LEVINE de LUCA & HORST, LLC

BY: _____
JEFFREY K. MARTIN (#2407)
1509 GILPIN AVENUE
WILMINGTON, DE 19806

and

MARK STEPHENSON, ESQUIRE
FOUR SENTRY PARKWAY
SUITE 300
BLUE BELL, PA 19422

ATTORNEYS FOR DEFENDANTS
TYCO INTERNATIONAL, LTD. GROUP
BUSINESS TRAVEL ACCIDENT

INSURANCE PLAN and LIFE INSURANCE
COMPANY OF NORTH AMERICA

Dated: June 6, 2006

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KELLY ROARTY,<br><br>      Plaintiff,<br>v.<br><br>TYCO INTERNATIONAL, LTD. GROUP BUSINESS TRAVEL ACCIDENT INSURANCE PLAN and LIFE INSURANCE COMPANY OF NORTH AMERICA,<br><br>      Defendants. | Civil Action No:<br><br>06-0195-GMS |

## CERTIFICATE OF SERVICE

I, Jeffrey Martin, Esquire, hereby certify that a true and correct copy of DEFENDANTS' REPLY BRIEF IN SUPPORT OF DISMISSAL OF COUNTS II AND III OF THE COMPLAINT was served on June 6, 2006, upon counsel listed below by United States Mail, postage prepaid.

    Richard R. Wier, Jr.
    Two Mill Road, Suite 200
    Wilmington, DE 19806

    NELSON LEVINE de LUCA & HORST, LLC

    BY: _____
    JEFFREY K. MARTIN (#2407)
    1509 GILPIN AVENUE
    WILMINGTON, DE 19806

    and

    MARK STEPHENSON, ESQUIRE
    FOUR SENTRY PARKWAY

Doc #: 169352

                                        SUITE 300  
                                        BLUE BELL, PA 19422

Dated: June 6, 2006