UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KELLY ROARTY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TYCO INTERNATIONAL, LTD. GROUP BUSINESS TRAVEL ACCIDENT INSURANCE PLAN AND LIFE INSURANCE COMPANY OF NORTH AMERICA,<br><br>　　　　Defendants, | C. A. No: 06-0195 (GMS) |

## JOINT STATUS REPORT

Plaintiff Kelly Roarty and Defendants Tyco International, Ltd. Group Business Travel Accident Insurance Plan ("Plan") and Life Insurance Company of North America ("LINA"), by and through their respective counsel, submit the following Joint Status Report pursuant to Federal Rule of Civil Procedure 16 and the Court's Orders entered August 8 and 11, 2006.

　　1.　**Jurisdiction and Service.** The parties agree that the Court has subject matter and personal jurisdiction pursuant to 29 U.S.C. § 1132 (a) (1) (B). All necessary parties are subject to the Court's jurisdiction and have been served.

　　2.　**Substance of the Action.** Plaintiff has asserted three causes of action as a result of her husband's accidental death on August 8, 2004 and the Defendants' determination to deny insurance benefits. Count I alleges that Defendants, Tyco International Limited Group Travel Accident Insurance Plan and Life Insurance Company of North America, have wrongly denied

her benefits under the Tyco Plan, which is a plan protected by the Employee Retirement Income Security Act of 1974, as amended (ERISA). Count II alleges that Defendant Life Insurance Company of North America breached its fiduciary duties owed to Plaintiff under ERISA. Count III alleges a state law breach of contract claim against both defendants.

Defendants have moved to dismiss Counts II and III.

**3. Identification of Issues.**

The factual and legal issues genuinely in dispute are raised in the Complaint and Answer, and Defendants' Motion to Dismiss

**By Plaintiff:**

a. Whether there is an actual or inherent conflict of interest with Defendant Life Insurance Company of North America.

b. Whether Daniel Roarty was engaged in authorized business travel at the time of his death.

c. Whether LINA breached its fiduciary duties owed to the Plaintiff.

**By Defendants:**

a. Was Daniel Roarty in fact engaged in covered business travel at the time of his death? (Defendants contend that he was not.)

b. Was LINA's decision that Mr. Roarty's death was not a covered loss under the written terms of the Plan and insurance policy a reasonable one based upon the information (including his employer's written representation that Mr. Roarty had not been engaged in covered business travel) that it had before it when it made its claim decision? (Defendants contend that their decision was a reasonable one that the Court should affirm.)

4.  **Narrowing of the Issues.** Defendants submit that the issues presented are sufficiently narrow and ripe for immediate disposition by way of cross-motions for entry of judgment.

Plaintiff disagrees. Plaintiff alleges that "Defendant Life Insurance Company of North America/Cigna's decision to deny Plaintiff the benefits under the Plan was the result of a conflict of interest that it inherently has since it both funds and administers the Plan." (Count I of the Complaint). The conflict of interest would require a heightened standard and discovery.

5.  **Relief.** The relief sought by Plaintiff is that judgment be entered against the Defendants, jointly and severally, and that the Court declare, and she be specifically awarded, her entitlement to the benefits under the Plan, damages for violation of ERISA, pre and post judgment interest, costs and attorneys' fees, and for such other and further relief, legal or equitable, as may be just an appropriate.

Defendant submits that there are no "damages for violation of ERISA" that Plaintiff may seek in this suit and that her potential damages are restricted to recovery of denied benefits, interest thereon and, if the Court so decides, attorney fees and costs.

6.  **Amendment of Pleadings.** The parties do not anticipate seeking an amendment of the pleadings.

7.  **Joinder of Parties.** The parties do not anticipate further joinder of parties.

8.  **Discovery.** Defendants believe that the Plan delegates discretion to LINA to interpret plan terms and determine eligibility for benefits. As a result, discovery is limited to the contents of the Administrative Record as it existed when LINA made the claim determination.

Plaintiff, on the other hand, is entitled to discovery and believes that 6 months is a reasonable amount of time.

9. **Estimated Trial Length.** Defendant believes that trial is not required in this matter and that the Court should decide this matter upon cross-motions for entry of judgment. Plaintiff believes that trial will be necessary and that this case can be tried in 3 days.

10. **Jury Trial.** Plaintiff has not made a request by trial by jury.

11. **Settlement.** There have been no settlement discussions. Plaintiff requests that this matter be referred to Magistrate Judge Thynge for mediation, to which Defendants have no objection.

12. **Other matters.** Defendants have moved to dismiss Plaintiff's claim that LINA's decision to deny benefits was a breach of fiduciary duty under 29 U.S.C. § 1132(a)(3) (Count II) and a breach of contract under Delaware law (Count III). Plaintiff has opposed dismissal. The motion is pending before the Court.

13. **Good Faith Conference.** Counsel for the parties have conferred in good faith and diligently with regard to each of the above matters.

| FOR PLAINTIFF | FOR DEFENDANTS |
|---|---|
| RICHARD R. WIER, JR., P.A. | |
| /s/ Richard R Wier, Jr. | /s/ Mark C Stephenson |
| Richard R Wier, Jr. (#716) | Mark C Stephenson, Esquire |
| Daniel W. Scialpi (#4146) | Nelson Levine de Luca & Horst LLC |
| Two Mill Road, Suite 200 | Four Sentry Parkway – Ste. 300 |
| Wilmington, DE 19806 | Blue Bell, PA 19422 |
| Tel. No.: (302) 888-3222 | Tel. No.: (610) 862-657 |
| Fax No.: (302) 888-3225 | Fax No.: (610) 862-6501 |
| Email: RWier@Wierlaw.com | Email: mstephenson@nldhlaw.com |
| | And |
| | /s/ Jeffery K. Martin |
| | Jeffery K. Martin, Esquire (#2407) |
| | 1509 Gilpin Avenue |

Wilmington, DE 19806

Dated: <u>August 22, 2006</u>