UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KELLY ROARTY,<br><br>Plaintiff(s)<br><br>v.<br><br>TYCO INTERNATIONAL, LTD.<br>GROUP BUSINESS TRAVEL<br>ACCIDENT INSURANCE PLAN AND<br>LIFE INSURANCE COMPANY OF<br>NORTH AMERICA,<br><br>Defendants. | Civil Action No:<br><br>06-0195-GMS |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF PROTECTIVE ORDER LIMITING DISCOVERY TO THE ADMINISTRATIVE RECORD**

Defendants Tyco International, Ltd. Group Business Travel Accident Insurance Plan ("Plan") and Life Insurance Company of North America ("LINA") submit the following arguments and legal authorities in support of their motion for a protective order to limit disclosure or discovery to the Administrative Record that the parties compiled when Plaintiff exhausted the Plan's internal claim administrative remedies, and that no other disclosure or other discovery be had.

**I.   STATEMENT OF FACTS**

Tyco International, Ltd. ("Tyco") maintains the Plan, which it finances by means of a policy of insurance issued to it by LINA. The Plan:

> ... will pay the benefits described in the policy for any accident which occurs anywhere in the world while a covered person, on a business trip, is traveling or making a short stay:

> a) away from your premises in his city of permanent assignment; and
> b) on business for you, and in the course of your business.
>
> All trips must be authorized by you.

*See* Exhibit One (AR0002).

This ERISA insurance policy contains the terms of the Plan, which includes the following statement:

> The Plan Administrator of the Employer's employee welfare benefit plan (the Plan) has applied the Insurance Company as the Plan fiduciary under federal law for the review of claims for benefits provided by this Policy and for deciding appeals of denied claims, In this role the Insurance Company shall have the authority, in its discretion, to interpret the terms of the Plan documents, to decide questions of eligibility for coverage or benefits under the Plan, and to make any related findings of fact. All decisions made by the Insurance Company in this capacity shall be final and binding on participants and beneficiaries of the Plan to the full extent permitted by law.
>
> The Insurance Company has no fiduciary responsibility with respect to the administration of the Plan except as described above. It is understood that the Insurance Company's sole liability to the Plan and to the Participants and Beneficiaries under the Plan shall be for the payment of benefits provided under this Policy.

*See* Exhibit Two (AR0036).

Daniel Roarty worked for Tyco and was covered under the Plan. Mr. Roarty traveled from his home in Dover, Delaware to Pittsburgh, Pennsylvania for vacation. The Administrative Record contains Plaintiff's February 12, 2005 Appeal letter that argues instead that Mr. Roarty was engaged in business travel on his way to Pittsburgh. Plaintiff offers evidence to show that Mr. Roarty had scheduled himself to visit a Tyco customer's

facility near Pittsburgh as part of his trip. The letter makes clear, however, that the meeting never occurred. *Id.*

Mr. Roarty was killed in a motor vehicle accident as he drove home from his vacation, two of his children traveling in the car with him but who survived.

Addressing Plaintiff's claim, on November 24, 2004, LINA contacted Tyco to request confirmation that Mr. Roarty was traveling on its behalf on business when he died. *See* Exhibit Three (AR0139-AR0140). On December 6, 2004, Tyco responded to advise that the Tyco's local Human Resources representative would provide a letter of confirmation if Mr. Roarty was engaged in business travel when he died. *Id.* On December 14, 2006, LINA followed up on its request to Tyco for this information. Tyco responded immediately by contacting the local HR person to obtain the requested confirmation. *See* Exhibit Four (AR0134-AR0135). On December 15, 2004, Tyco provided the promised letter but advised LINA that "Mr. Roarty was NOT on business travel at the time of the accident that caused his death." *See* Exhibit Five (AR0130). On December 17, 2005, based on the information received from Tyco, LINA denied the claim for business travel accident death benefits, relying on Tyco's information.[1]

On February 12, 2005, Plaintiff appealed from the denial of her claim. *See* Exhibit Six (AR0084-AR0088). Plaintiff, in her appeal letter, concedes that an August 3, 2004 meeting with a Tyco customer, which Mr. Roarty had scheduled himself to attend during his drive to Pittsburgh, was first postponed and then cancelled. Mr. Roarty arrived safely and enjoyed his vacation.

---

[1] In addition to a business travel accident plan, Tyco sponsored an employee benefit plan that paid a benefit when a Tyco employee died in an accident, regardless whether the employee was engaged in business travel at the time of death. LINA paid that claim, also on December 17, 2005.

3

II. **ARGUMENT**

A. <u>The Standard for Issuance of a Protective Order</u>

Federal Rule of Civil Procedure 26 states that a party "may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action ···." Fed.R.Civ.P. 26(b)(1). The Court is empowered to limit the scope of that discovery if "the burden or expense of the proposed discovery outweighs its likely benefit ···." Fed.R.Civ.P. 26(b)(2). With regards to protective orders, a court may "make any order which justice requires to protect a party or person from ··· undue burden or expense, including ··· that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters ···." Fed.R.Civ.P. 26(c)(4).

B. **The Discovery Sought Exceeds That Allowed Under Third Circuit Precedent.**

In ERISA benefit claim cases, the scope of discovery depends on the standard of review. *Amitia v. Metropolitan Life Ins. Co.*, No. 4:05CV569, 2006 WL 1094586, *4 (M.D.Pa. Apr. 25, 2006) (copy attached as Exhibit 10). If a plan provides discretionary authority to its claim fiduciary, a court reviews the fiduciary's decisions by applying an arbitrary and capricious standard. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 111-12, 115 (1989); *Mitchell v. Eastman Kodak Co.*, 113 F.3d 433, 437 (3d Cir.1997). The Policy provision in this case that grants LINA claims discretion is of the type that federal courts have held to be sufficient for that purpose. *See, e.g., Dinote v. United of Omaha Life Ins. Co.*, 331 F. Supp. 341, 345 n2 (E.D. Pa. 2004). Where the claim fiduciary is an insurer that decides claims and pays benefits from its own assets, arbitrary and capricious review may be

5

heightened and determined on a sliding scale. *Pinto v. Reliance Standard Life Ins. Co.*, 214 F.3d 377, 379 (3d Cir.2000).

In the Third Circuit, the record before the court conducting an arbitrary and capricious review is the record that the parties made before the plan administrator. That record cannot be supplemented during litigation. *Kosiba v. Merck & Co.*, 384 F.3d 58, 67 n. 5 (3d Cir.2004) (citing *Mitchell*, 113 F.3d at 440). Limited discovery is available only when a reviewing court is deciding whether to employ the arbitrary and capricious standard or a more heightened standard of review. In that circumstance, the court may consider evidence of potential biases and conflicts of interest that are not found in the administrator's record. *Id.* This case does not present any factual basis for the Court to consider heightened review beyond the mere structural conflict created by LINA's role as claim decider and payor.

It is Plaintiff who bears the burden of proving procedural bias or bad faith by presenting the court with specific evidence of bias. *Bill Gray Enters, Inc. Employee Health & Welfare Plan v. Gourley*, 248 F.3d 206, 216 (3d Cir.2001) ("Unless specific evidence of bias or bad-faith has been submitted, plans ⋯ are reviewed under the traditional arbitrary and capricious standard"). Plaintiff attempted to do so in her appeal by attaching emails that purport to have passed among Mr. Roarty and his co-workers regarding the Tyco customer. The emails indicate that Mr. Roarty expressed an intention to visit the customer during his vacation. There is no indication that Tyco authorized this. There is no indication that Mr. Roarty ever traveled to the customer site after his meeting was cancelled, or that Tyco authorized him to do so.

6

The discovery that Plaintiff appears to seek now does not look for evidence of procedural bias or bad faith on the part of LINA, and thus it is irrelevant to the only issue on which the Third Circuit has permitted discovery to proceed.

Instead, Plaintiff challenges Tyco and its independent representation that Mr. Roarty was not traveling on its behalf when he died. *Pinto v. Reliance Standard Life Ins. Co.*, supra, and *Kosiba v. Merck & Co.*, supra, place in issue the structural conflict that an insurer injects into the claim process when it both decides and pays claims. Neither authorized discovery directed at third parties who provide factual information regarding a claim for benefits. To the contrary, they limit discovery in a way that precludes that this type of expansive inquiry.

For its part, Tyco had no financial interest in the outcome of this claim as it had and continues to have no obligation under the Plan to pay benefits. There is no basis from which a reasonable person might conclude that Tyco misrepresented Mr. Roarty's travel status during the claim process or bore Mr. Roarty some ill bias. Indeed, Tyco's information was no different that other factual information LINA received. LINA obtained police and death certificate information that demonstrated that Mr. Roarty died as the result of blunt force trauma when his vehicle was struck on the driver's side by a vehicle that ignored a red light. While the police and death certificate information established an accidental death, the Tyco information did not establish business travel.

What Tyco said was not so divorced from the conceded facts as to warrant doubt. Mr. Roarty had been on vacation and traveling to Pittsburgh. The hastily arranged customer visit fell through while he was still en route. No evidence was presented to LINA

7

that Mr. Roarty diverted from his vacation any way. Given these facts, LINA cannot reasonably be argued to have indulged in procedural irregularities and bias when it accepted as correct Tyco's factual statement that its employee had not been authorized to travel on its behalf at the time of the loss, that it reconfirmed information when asked to do so.

Here, Plaintiff does not seek the type of highly limited discovery that the Third Circuit would allow. Plaintiff does not seek to learn whether LINA ignored issues or tailored facts in order to pay a benefit, or failed to investigate so as to create a file that would lead to a claim denial. To the contrary, Plaintiff seeks discovery to learn whether Tyco, an entity without power to determine whether Plaintiff was eligibility for benefits, engaged in irregularities or bias. Plaintiff seeks a re-investigation of Tyco's underlying basis for its statements to LINA that Mr. Roarty was not engaged in authorized business travel when he died. This is precisely the type of extraneous discovery that, as the Third Circuit made clear in *Kosiba,* is not permitted.

### III. CONCLUSION

Defendants Tyco International, Ltd. Group Business Travel Accident Insurance Plan and Life Insurance Company of North America respectfully submit that the discovery Plaintiffs seek is not permitted under clear precedent of the Third Circuit, and the Court should grant Defendants' proposed protective order which orders that such discovery not be had.

NELSON LEVINE de LUCA & HORST, LLC

BY: /s/ Mark Stephenson
MARK STEPHENSON, ESQUIRE
Four Sentry Parkway – Suite 300
Blue Bell, PA 19422
(610) 862-6575
mstephenson@nldhlaw.com

and

JEFFREY K. MARTIN (#2407)
Margolis Edelstein
1509 Gilpin Avenue
Wilmington, DE 19806
(302) 777-4680
jmartin@margolisedelstein.com

Attorneys for Defendants Tyco International, Ltd.
Group Business Travel Accident Insurance Plan and
Life Insurance Company of North America

Dated: September 15, 2006

9