IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KELLY ROARTY | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | |
| | ) | Civil Action No. 06-195 GMS |
| TYCO INTERNATIONAL LTD. GROUP BUSINESS TRAVEL ACCIDENT INSURANCE PLAN, and LIFE INSURANCE COMPANY OF NORTH AMERICA | ) ) ) ) ) | |
| | ) | |
|     Defendants. | ) ) | |

## MEMORANDUM

**I.     INTRODUCTION**

On March 23, 2006, plaintiff Kelly Roarty ("Mrs. Roarty") filed the present action against Tyco International, Ltd Group Business Travel Accident Insurance Plan (the "Tyco Plan"), and Life Insurance Company of North America ("LICNA") (collectively, the "defendants"). In Count I, Mrs. Roarty alleges that the defendants wrongfully denied benefits owed to her in violation of the Employee Retirement Income Security Act ("ERISA"). In Count II, Mrs. Roarty alleges that the defendants breached fiduciary duties owed to her under ERISA. In Count III, Mrs. Roarty alleges that the defendants' actions constituted a breach of contract in violation of state law.

The defendants answered Mrs. Roarty's complaint with respect to Count I on May 10, 2006. (D.I. 4.) On the same day, the defendants filed a motion to dismiss Counts II and III for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (D.I. 5.) For the reasons discussed below, the court will deny the motion with respect to Count II, and grant the motion with respect to Count III.

## II.    BACKGROUND

The following facts are taken from Mrs. Roarty's complaint. Mrs. Roarty is the widow of Daniel Roarty ("Mr. Roarty"), who was a Senior Product Manager for Scott Instruments (D.I. 1 ¶ 3.) Scott Instruments is a subdivision of Tyco International Ltd. (*Id.* ¶ 6.) Mr. Roarty was a participant in the Tyco Plan, an employee welfare benefit plan which provided for an accidental death benefit for Tyco employees who die accidentally while traveling on business. (*Id.* ¶ 4.) LICNA is the Administrator of the Tyco Plan, and is an underwriting subsidiary of Cigna Group Insurance ("Cigna"). (*Id.* ¶ 5.)

Tragically, on August 8, 2004, Mr. Roarty was struck and killed by a negligent driver while returning home to Newark, Delaware from Pittsburgh, Pennsylvania. (*Id.* ¶ 3.) Mrs. Roarty alleges that Mr. Roarty was on a business trip at the time of his death. Tyco had a production contract with a plant located near Pittsburgh, and Tyco and the plant had been having supply chain issues in the weeks before Mr. Roarty's death. Mrs. Roarty claims that Mr. Roarty had traveled to Pittsburgh in part to meet with another Tyco employee and two members of management of the plant about the supply chain problem. (*Id.* ¶ 12.) Mrs. Roarty also admits that the purpose of the trip was partially non-business related, stating that Mr. Roarty left for a vacation in Pittsburgh early in order to attend the meeting and address the supply chain problem that had necessitated the meeting. (*Id.* ¶ 11.) Though the meeting was ultimately cancelled, Mrs. Roarty alleges that Mr. Roarty continued to make business phone calls during his time in Pittsburgh. (*Id.* ¶ 13.) The fatal car accident occurred during Mr. Roarty's drive back from Pittsburgh. (*Id.* ¶¶ 14-15.)

As the named primary beneficiary of the Plan, Mrs. Roarty filed a claim for benefits. (*Id.* ¶ 16.) Cigna denied Roarty's claim, alleging that Mr. Roarty was not on an authorized business trip

at the time of his death. (*Id.* ¶ 18.) Mrs. Roarty appealed Cigna's denial of her claim, but her appeal was ultimately denied on March 24, 2005. (*Id.* ¶¶ 19-21.) Mrs. Roarty filed the complaint in this action on March 23, 2006.

## III.   STANDARD OF REVIEW

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case. *See Kost v. Kozakiewicz*, 1 F.3d 183 (3d Cir. 1993). Thus, the court must accept the factual allegations of the complaint as true. *See Graves v. Lowery*, 117 F.3d 723, 726 (3d Cir.1997); *Nami v. Fauver*, 82 F .3d 63, 65 (3d Cir.1996). In particular, the court looks to "whether sufficient facts are pleaded to determine that the complaint is not frivolous, and to provide defendants with adequate notice to frame an answer." *Colburn v. Upper Darby Twp.*, 838 F.2d 663, 666 (3d Cir.1988). In performing this task, however, the court need not "credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). On the other hand, a court should dismiss a complaint "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *See Graves*, 117 F.3d at 726; *Nami*, 82 F.3d at 65 (both citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

## IV.   DISCUSSION

### A.   Count II: Breach of Fiduciary Duty

The defendants contend that Count II of the complaint should be dismissed because Mrs. Roarty cannot seek equitable relief under 29 U.S.C. § 1132(a)(3) when she also seeks legal relief under § 1132(a)(1)(B). Defendants cite to *Varity Corp. v. Howe*, where the Supreme Court stated

that it is generally not appropriate for a court to grant further equitable relief "where Congress elsewhere provided adequate relief for a beneficiary's injury." 516 U.S. 489, 515 (1996). Were Mrs. Roarty seeking a remedy for wrongful denial of benefits under § 1132(a)(3), thus duplicating her claim under § 1132(a)(1)(B), the language from *Varity* cited by the defendants would be apposite to this case. The court is not aware of any authority, however, that would support a categorical exclusion of § 1132(a)(3) claims in cases where the claim stated under § 1132(a)(3) is different in kind from the § 1132(a)(1)(B) claim, and could result in a different remedy. As the Third Circuit acknowledged in *Bixler v. Central Pennsylvania Teamsters Health & Welfare Fund,* "a fiduciary's duties, and a beneficiary's corresponding remedies, are not limited to the terms of § 502(a)(1)(B)." 12 F.3d 1292, 1301 (3d Cir. 1993).

> In *Jackson v. Chevron Corp. Long-Term Disability Org., Inc.*, the district court held that:
>
> [A] beneficiary who is denied benefits under an ERISA plan may seek equitable restitution under § 1132(a)(3)(B) for a breach of fiduciary duty. Since Count IV seeks relief under Part IV of Title I of ERISA, which contains § 1132(a)(3)(B), we cannot hold that Plaintiff impermissibly requested individual relief under § 1132(a)(2). Accordingly, since Defendants[] may be entitled to relief under § 1132(a)(3)(B), we will not dismiss Count IV for failure to state a claim.

2006 WL 231595, at *2 (D.N.J. Jan. 30, 2006) (*citing Great-West Life & Annuity Ins. v. Knudson*, 534 U.S. 204, 213 (2002)). Similarly, in this case, the court cannot conclude that the allegations made by Mrs. Roarty against the defendants could not support a remedy for Count II independent of (or in addition to) whatever remedy Mrs. Roarty might receive under Count I. It may come to pass that the defendants breached no fiduciary duties that could lead to any recovery beyond that sought by Mrs. Roarty for the wrongful denial of benefits. It is possible, however, that other fiduciary duties owed under ERISA, such as the duty of loyalty, could lead to damages over and above those arising from wrongful denial of benefits. In either case, however, the court cannot make

such a determination at this stage in the proceeding. Consequently, the defendants' motion to dismiss Count II of the complaint is denied.

### B. Count III: Breach of Contract

The defendants assert that Shipman's claim for breach of contract under state common law is preempted by ERISA. (D.I. 6 at 7.) Mrs. Roarty argues that dismissal of Count III is not appropriate at this time since the court has not yet determined whether the Tyco Plan is an employee welfare benefit plan within the meaning of ERISA. (D.I. 8 at 14.) The parties have both admitted, however, that the Tyco Plan is such a plan, and thus is subject to the provisions of ERISA. (See D.I. 1 ¶ 4; D.I. 11 at 1.) The existence of an employee welfare benefit plan that is subject to ERISA is a question of fact, which is "to be answered in light of all the surrounding facts and circumstances and from the point of view of a reasonable person." *Minnis v. Baldwin Bros. Inc.*, 150 Fed.Appx. 118, 119-20 (3d Cir. 2005). Since the parties agree that the Tyco Plan is governed by ERISA, the court finds that this fact is not in contention.

ERISA includes a provision that expressly preempts state law. That clause provides: "[T]he provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" covered by ERISA. Furthermore, courts have recognized that the ERISA preemption clause was broadly drafted. *See Pryzbowski v. U.S. Healthcare, Inc.*, 245 F.3d 266, 277-78 (3d Cir. 2001). Because Mrs. Roarty's breach on contract claim would depend on Delaware state contract law to enforce the terms of the employee welfare benefit plan, Mrs. Roarty's contract claim would trigger the ERISA preemption clause. The motion to dismiss Count III therefore is granted.

Dated: August 2, 2007                  /s/ Gregory M. Sleet
                                                        CHIEF, UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KELLY ROARTY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TYCO INTERNATIONAL LTD. GROUP )<br>BUSINESS TRAVEL ACCIDENT )<br>INSURANCE PLAN, and LIFE )<br>INSURANCE COMPANY OF NORTH )<br>AMERICA )<br>)<br>Defendants. )<br>) | Civil Action No. 06-195 GMS |

**ORDER**

For the reasons stated in the court's memorandum of this same date, IT IS HEREBY ORDERED that:

The defendants' Motion to Dismiss for Failure to State a Claim (D.I. 5) is DENIED with respect to Count II of the complaint and GRANTED with respect to Count III of the complaint.

Dated: August 2, 2007        /s/ Gregory M. Sleet
                             CHIEF, UNITED STATES DISTRICT JUDGE