## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

**KELLY ROARTY,**

       **Plaintiff(s)**

   **v.**

**TYCO INTERNATIONAL, LTD. GROUP BUSINESS TRAVEL ACCIDENT INSURANCE PLAN and LIFE INSURANCE COMPANY OF NORTH AMERICA,**

      **Defendants.**

**Civil Action No:**

**06-0195-GMS**

---

### DEFENDANT TYCO INTERNATIONAL, LTD. GROUP BUSINESS TRAVEL ACCIDENT PLAN AND LIFE INSURANCE COMPANY OF NORTH AMERICA'S REPLY BRIEF IN SUPPORT OF PROTECTIVE ORDER

**MARGOLIS EDELSTEIN**
HERBERT MONDROS
Margolis Edelstein
750 South Madison St., Suite 102
Wilmington, DE 19801
(302) 888-1112
hmondros@margolisedelstein.com

and

**NELSON LEVINE de LUCA & HORST, LLC**
MARK STEPHENSON, ESQUIRE
Four Sentry Parkway – Suite 300
Blue Bell, PA 19422
(610) 862-6575
mstephenson@nldhlaw.com

Dated: November 27, 2006

# TABLE OF CONTENTS

Page

I.    REPLY ARGUMENT…………………………………………………  3

    A.    LINA discharged its duty of investigation of Plaintiff's claim.    3

II.    CONCLUSION………………………………………………………… 6

I.    **REPLY ARGUMENT**

    A.    **LINA discharged its duty of investigation of Plaintiff's claim.**

In her Answering Brief, Plaintiff contends that LINA delegated its fiduciary duty to determine the facts of her claim to Tyco, Mr. Roarty's employer.  Plaintiff argues that LINA's acceptance of Tyco's multiple factual statements that Mr. Roarty had not been engaged in travel on its behalf was a failure to find the fact at all, leaving the Court free to decide the factual questions in the case *de novo* and to expand admissible evidence at trial beyond the administrative record.

Plaintiff's argument misreads the Plan's delegation of discretion to LINA and the nature and scope of LINA's investigation.  The record shows that LINA carried out its investigative role to find the facts of Plaintiff's claim through inquiries directed to Tyco and Plaintiff to confirm all elements of Plaintiff's claim.  LINA was able to confirm all but one. Consistently and repeatedly, Tyco confirmed that Mr. Roarty had died while on vacation and not while traveling on its business.  Plaintiff's factual response did not impeach Tyco's position.  Plaintiff relied solely on the fact that Mr. Roarty had traveled in a separate car in case he might need to take a business trip during his vacation.  Plaintiff contends that this plan for a business meeting that in fact never happened transformed her family's vacation into a business trip

The information generated by LINA's investigation was substantial evidence. Considering that evidence, LINA found to be a fact that Mr. Roarty had not been engaged in business travel when he died.

The BTA Plan explicitly grants LINA broad powers and responsibilities with regard to the handling of claims for benefits.   The BTA Plan provides:

> The Plan Administrator of the Employer's employee welfare benefit plan (the Plan) has selected the Insurance Company as the Plan fiduciary under federal law for the review of claims for benefits provided by this Policy and for deciding appeals of denied claims, In this role the Insurance Company shall have the authority, in its discretion, to interpret the terms of the Plan documents, to decide questions of eligibility for coverage or benefits under the Plan, and to make any related findings of fact.   All decisions made by the Insurance Company in this capacity shall be final and binding on Participants and Beneficiaries of the Plan to the full extent permitted by law.
>
> The Insurance Company has no fiduciary responsibility with respect to the administration of the Plan except as described above.   It is understood that the Insurance Company's sole liability to the Plan and to the Participants and Beneficiaries under the Plan shall be for the payment of benefits provided under this Policy.

*See* AR0036.[1]

As the Plan's claim fiduciary, LINA is specifically empowered to carry out several functions in its discretion.   LINA is charged to determine what the facts related to a claim are.   This duty clearly implies the duty to reasonably investigate the circumstances of a claim in order to secure information upon which findings of fact may be based.   With the facts of the claim in hand, LINA is empowered to interpret the Plan's terms and apply them to the facts in order to decide questions of eligibility for claims.

During its investigation of Plaintiff's claim, LINA obtained information from Plaintiff and Tyco and accepted it without objection.   Although Plaintiff submitted internal Tyco email communications without explanation of how she came to possess them, LINA

---

[1] References to "AR____" are to the administrative record and appear collectively in Exhibit "A" hereto.

accepted them as authentic without challenge.  LINA's response was to request Tyco yet again whether it would confirm its prior statements that Mr. Roarty had not been on business travel when he died.  In all, Tyco reiterated that fact five times.

Plaintiff's argument that LINA failed to investigate rests on the bare assertion that "all of the evidence [that she] submitted to [LINA] established that [Mr. Roarty] traveled in his own car for purposes of business." *See* Answering Brief at p. 11.  Nowhere in her Answering Brief does Plaintiff adduce evidence to establish that this is so.  Plaintiff bolsters this assertion by citing to Robert Bierzynski, who was the lead manager at Mr. Roarty's work site.  In doing so, Plaintiff omits that Mr. Bierzynski made clear that insofar as Mr. Roarty had traveled to Pittsburgh to attend a wedding and for vacation, his travel to Pittsburgh was not related to Tyco's business and would not have been reimbursable. *See* Deposition of Robert W. Bierzynski, p. 42, L. 9 – 13 (Exhibit "B").

Lacking evidence, Plaintiff argues that she was misled, suggesting this to have been a procedural irregularity that was material to her claim.  On March 11, 2005, the LINA claims person handling her appeal advised that he was awaiting a second written confirmation from Tyco of its position.  By March 25, 2005, that confirmation had not been received and relying on the four confirmations that LINA had already received, LINA denied Plaintiff's appeal.  The denial of Plaintiff's appeal was consistent with prior advice provided to her by Tyco and LINA.

On September 15, 2004, Tyco benefits representative, Felicia Johnson called Plaintiff and advised, among other things, that she was ineligible for BTA benefits. *See* AR0216.  The

next day, Tyco benefits administrator Nicole Gibian told Plaintiff the same thing. *See* AR0217. On December 15, 2004, Gibian wrote LINA and took the same position:

> Please take this letter as clarification that Mr. Roarty was NOT engaged on business travel at the time of the accident that caused his death.

*See* AR0130. On December 17, 2004, LINA wrote to Plaintiff to explain that her claim for BTA benefits had been denied based on the information received from Gibian. *See* AR0115-20. LINA received a further confirmation from Johnson on March 11, 2005, which it communicated to Plaintiff on March 25, 2005, deciding not to delay the claim further. *See* AR0065-67, 76. Plaintiff offers no additional evidence that LINA's March 25, 2005 denial precluded her from introducing. Nor does Plaintiff explain how she was *materially* misled, beyond her bare allegations.

Defendants submit in reply that LINA discharged its duty to find facts with regard to Plaintiff's claim. As a result, the Court should find that no basis exists for it to apply de novo review to this matter, that its review is properly under the deferential arbitrary and capricious standard and enter the requested protective order.

## II.     <u>CONCLUSION</u>

Defendants Tyco International, Ltd. Group Business Travel Accident Insurance Plan and Life Insurance Company of North America respectfully submit that the Court should enter a protective order that discovery and evidence admissible at trial are limited to the administrative record.

**MARGOLIS EDELSTEIN**

/s *Herbert W. Mondros*

**BY:** _____

Herbert W. Mondros, Esq. (Del. Bar No. 3308)
Margolis Edelstein
750 South Madison St., Suite 102
Wilmington, DE 19801
(302) 888-1112
hmondros@margolisedelstein.com


and

**NELSON LEVINE de LUCA & HORST, LLC**
MARK STEPHENSON, ESQUIRE
Four Sentry Parkway – Suite 300
Blue Bell, PA 19422
(610) 862-6575
mstephenson@nldhlaw.com

Attorneys for Defendants Tyco International, Ltd. Group Business Travel Accident Insurance Plan and Life Insurance Company of North America

Dated: <u>November 27, 2006</u>

# EXHIBIT "A"

2.  Under the *Claim Provisions* section, the following changes are made.

    A.  The provision titled Proof of Loss is replaced with the following.

**Proof of Loss**
Written or authorized electronic proof of loss satisfactory to Us must be given to Us at Our office, within 90 days of the loss for which claim is made. If (a) benefits are payable as periodic payments and (b) each payment is contingent upon continuing loss, then proof of loss must be submitted within 90 days after the termination of each period for which We are liable. If written or authorized electronic notice is not given within that time, no claim will be invalidated or reduced if it is shown that such notice was given as soon as reasonably possible.

The Plan Administrator of the Employer's employee welfare benefit plan (the Plan) has selected the Insurance Company as the Plan fiduciary under federal law for the review of claims for benefits provided by this Policy and for deciding appeals of denied claims. In this role the Insurance Company shall have the authority, in its discretion, to interpret the terms of the Plan documents, to decide questions of eligibility for coverage or benefits under the Plan, and to make any related findings of fact. All decisions made by the Insurance Company in this capacity shall be final and binding on Participants and Beneficiaries of The Plan to the full extent permitted by law.

The Insurance Company has no fiduciary responsibility with respect to the administration of The Plan except as described above. It is understood that the Insurance Company's sole liability to the Plan and to Participants and Beneficiaries under The Plan shall be for the payment of benefits provided under this Policy.

    B.  The provision titled Payment of Claims is replaced with the following.

**Payment of Claims**
All benefits will be paid in United States currency. Benefits for loss of life will be payable in accordance with the Beneficiary provision and these Claim Provisions. All other proceeds payable under this Policy, unless otherwise stated, will be payable to the covered Employee or to his estate.

If We are to pay benefits to the estate or to a person who is incapable of giving a valid release, We may pay up to an amount not exceeding $1,000 to a relative by blood or marriage whom We believe is equitably entitled. Any payment made by Us in good faith pursuant to this provision will fully discharge Us to the extent of such payment and release Us from all liability.

3.  Under the *General Provisions* section, the following changes are made.

    A.  The provision titled Incontestability is replaced with the following.

**Incontestability**
1.  Of This Policy or Participation Under This Policy
All statements made by the Subscriber to participate under this Policy are considered representations and not warranties. No statement will be used to deny or reduce benefits or be used as a defense to a claim, or to deny the validity of this Policy or of participation under this Policy unless a signed copy of the instrument containing the statement is, or has been, furnished to the Subscriber.

After two years from the Policy Effective Date, no such statement will cause this Policy to be contested except for fraud.

2.  Of A Covered Person's Insurance
All statements made by a Covered Person are considered representations and not warranties. No statement will be used to deny or reduce benefits or be used as a defense to a claim, unless a signed copy of the instrument containing the statement is, or has been, furnished to the claimant.

GA-00-3000.30                                        35

AR0036

Brian Billeter
Accident Claims Manager
Accident & Specialty Claims Department

**CIGNA** Group Insurance
Life • Accident • Disability
PO Box 22328
Pittsburgh, PA 15222-0328
Telephone 1-800-238-2125
Facsimile 412-402-3316

March 24, 2005

Kelly Roarty
319 Palomino Drive
Newark, DE 19711

| | |
|---|---|
| **Insured Name:** | **Daniel R. Roarty** |
| **Date of Birth:** | **4/5/61** |
| **Policy Number:** | **ABL 661690** |
| **Underwriting Company:** | **Life Insurance Company of North America** |

Dear Mrs. Roarty:

I am writing to you regarding the appeal of Mr. Roarty's Business Travel Accident benefits under the above captioned Life Insurance Company of North America (LINA) business travel accident insurance policy ("Policy"). I reviewed your letter of appeal of our initial claim denial, which was received in our office on February 15, 2005. After review of the additional information provided, we maintain our initial position that no accidental death benefits are due.

In an effort to help you understand the basis of this decision, I have provided the applicable policy provisions. A copy of these policy provisions was enclosed with our initial denial letter dated December 17, 2004. In order to be eligible for benefits, you must satisfy the policy provisions as stated below.

**Policy Provision**

The Tyco, International policy states:

*"Scope of Coverage* – In exchange for the payment of premiums, we agree to pay benefits to all eligible persons:

    a) who suffer injury to the body in any of the types of accidents described in Schedule IV, which happens while he is covered by this policy; and
    b) who, as a direct result of the injuries, and from no other cause, suffer a covered loss.

*Schedule IV  Hazards Insured Against*

We will pay the benefits described in the policy for any accident which occurs anywhere in the world while a covered person, on a business trip, is traveling or making a short stay:

    a) away from your premises in his city of permanent assignment, and
    b) on business for you, and in the course of your business.

CIGNA Group Insurance products and services are provided exclusively by underwriting subsidiaries of CIGNA Corporation, including Life Insurance Company of North America, CIGNA Life Insurance Company of New York, and Connecticut General Life Insurance Company. "CIGNA" is used to refer to these subsidiaries and is a registered service mark.

AR0065

All such trips must be authorized by you."

### Evidence Evaluated

I have reviewed the claim file as a whole, including the following documents, in making this determination:

- Group/Association Proof of Loss form.
- Commonwealth of Pennsylvania Certificate of Death.
- Police Crash Reporting Form.
- Letter from Nicole Gibian, Human Resources, Tyco International.
- Telephone conversation with Felicia Johnson at Tyco International.
- Our initial denial letter dated December 17, 2004.
- Your letter of appeal received in our office February 15, 2005, along with e-mail chains from Tyco.
- Business Travel Accident policy ABL 661690, business travel accident benefits through Tyco International.

### Summary of Evidence

According to the information reviewed, on August 8, 2004, Daniel Roarty died as a result of injuries suffered in a motor vehicle accident. The police incident report indicated that a driver of a truck failed to stop at a stop sign, and struck Mr. Roarty's minivan, causing injuries to Mr. Roarty and his three children, all of whom were in the minivan. Mr. Roarty was not at fault in this accident.

Tyco International has verified on several occasions that Mr. Roarty was not on business travel at the time of his death, through both a letter from Nicole Gibian and our telephone conversations with Felicia Johnson, both of whom are with Tyco International Human Resources. Based upon this assertion, Mr. Roarty's claim for Business Travel Accident Benefits was denied on December 17, 2004.

You have appealed our December 17, 2004 decision, asserting that Mr. Roarty was on business travel at the time of his death. Specifically, you have indicated that Mr. Roarty, as of August 2, 2004, was on his way to Pittsburgh from your home in Delaware for both a family vacation and to visit with a customer, Bacharach, regarding some difficulties that Tyco was having with Bacharach. You have further asserted that you took a separate automobile from Mr. Roarty so that he would have the ability to travel independently once he arrived in Pittsburgh for vacation, because he was unsure as to how much time would be required to resolve business issues with Bacharach.

When Mr. Roarty arrived in Pittsburgh he was unable to meet with Bacharach due to changes in their production personnel. However, issues with Bacharach were resolved during a series of telephone calls on August 3rd or 4th, 2004. During Mr. Roarty's return trip from Pittsburgh back to Delaware, he was involved in a fatal motor vehicle accident on August 8, 2004.

Felicia Johnson from Tyco verified once more, on March 11, 2005, that Mr. Roarty was not considered to be on business travel from Tyco International at the time of his motor vehicle accident, on August 8, 2004. No expenses or accommodations appear to have been reimbursed to Mr. Roarty by Tyco for his travel.

CIGNA Group Insurance products and services are provided exclusively by underwriting subsidiaries of CIGNA Corporation, including Life Insurance Company of North America, CIGNA Life Insurance Company of New York, and Connecticut General Life Insurance Company. "CIGNA" is used to refer to these subsidiaries and is a registered service mark.

## **Summary**

Based upon the information provided above, there is not sufficient support for finding that Mr. Roarty was engaged in business travel at the time of his accident. It appears that Mr. Roarty resolved the issues with Bacharach in a series of phone calls during August 3rd and 4th. There is no indication that Mr. Roarty traveled whatsoever with regard to the customer, Bacharach, and every indication that he was engaged in travel as part of his vacation. As the side trip to visit a customer had been cancelled, the only trip Mr. Roarty took related to his vacation, clearly not on the business of his employer. This policy pays benefits for loss which occurs while on an authorized business trip as indicated above. As Mr. Roarty was on vacation, and not on an authorized business trip, at the time of his death, no benefits are payable under policy ABL 661690.

Nothing contained in this letter should be construed as a waiver of any rights of defenses under the policy. The determination has been made in good faith and without prejudice under the terms and conditions of the contract, whether or not specially mentioned herein. Please be advised that you have exhausted your administrative remedies under this policy. No further appeals will be considered.

We encourage you to either contact the Tyco International's employee benefits department or review the insurance booklet, certificate or coverage information made available to you, to determine if you are eligible for additional benefits.

Mrs. Roarty, if you have any questions, please call me. You can reach me at our toll free number 1.800.238.2125 extension 3249 from 7:30 a.m. to 4:00 p.m. Eastern Time, Monday through Friday. If you call and get my voice mail, leave a message and your call will be returned within one business day.

Sincerely,

*Brian Billeter*

Brian Billeter

CIGNA Group Insurance products and services are provided exclusively by underwriting subsidiaries of CIGNA Corporation, including Life Insurance Company of North America, CIGNA Life Insurance Company of New York, and Connecticut General Life Insurance Company. "CIGNA" is used to refer to these subsidiaries and is a registered service mark.

AR0067



**CIGNA Group Insurance**
Life • Accident • Disability

# CFS
# TELEPHONE LOG

Date: March 11, 2005
Time: 12:44 PM

In / Out
Incoming: Felicia Johnson
Phone Number: 800-600-6641 ext. 3944          Relationship to Insured: HR @ ER

| Re: Daniel Roarty | Policyholder: Tyco |
|---|---|
| Phone#: | Policy #: ABL 661690 |

She called me regarding my request for confirmation that Mr. Roarty was not on an approved business trip at the time of his automobile crash and death. She stated again that Mr. Roarty was not on business travel at that time. However, she stated that she has contacted the office where he worked and has asked that they fax another statement to confirm the fact that he was on a personal vacation at the time of the claimed accident. She stated that I should expect to receive that letter within the next week or so.



Robert Killmer

AR0076

Marcy L. Miler
Accident Claim Specialist
Accident & Specialty Claims Department

**CIGNA** Group Insurance
Life • Accident • Disability
PO Box 22328
Pittsburgh, PA 15222-0328
Telephone 1-800-238-2125
Facsimile 412-402-3316

December 17, 2004

Mrs. Kelly Roarty
319 Palomino Drive
Newark, DE 19711

| | |
|---|---|
| **Insured Name:** | **Daniel Roarty** |
| **Date of Birth:** | **04/05/1961** |
| **Policy Number:** | **ABL 661690** |
| **Underwriting Company:** | **Life Insurance Company of North America** |

Dear Mrs. Roarty:

I was sorry to learn about the death of your husband, Daniel Roarty. I've completed my review of your claim for Group Business Travel Accident insurance benefits and have determined that benefits are not payable. I'm writing to explain the outcome of the review.

In an effort to help you understand the basis of this decision, I have provided the applicable policy provisions. A copy of this policy provision is enclosed. In order to be eligible for benefits, a claim must satisfy all the policy provisions.

**Policy Provision**

The Tyco International policy states:

"**Scope of Coverage** - In exchange for the payments of premiums, we agree to pay benefits to all eligible persons:

a) who suffer injury to the body in any of the types of accidents described in Schedule IV, which happens while he is covered by this policy; and,
b) who, as a direct result of the injuries, and from no other cause, suffer a covered loss."

**Schedule IV Hazards Insured Against**
"We will pay the benefits described in the policy for any accident which occurs anywhere in the world while a covered person, on a business trip, is traveling or making a short stay:

a) away from your premises in his city of permanent assignment; and
b) on business for you, and in the course of your business.
All such trips must be authorized by you."

CIGNA Group Insurance products and services are provided exclusively by underwriting subsidiaries of CIGNA Corporation, including Life Insurance Company of North America, CIGNA Life Insurance Company of New York, and Connecticut General Life Insurance Company. "CIGNA" is used to refer to these subsidiaries and is a registered service mark.

AR0115

## Evidence Evaluated

I have reviewed the following documents and the file as a whole in making this determination:
- Group Business Travel Accident insurance policy, ABL 661690
- Proof of Loss claim form signed by Kelly Roarty on 09/03/04.
- Commonwealth of Pennsylvania Certificate of Death
- Police Crash Reporting Form
- Letter from Tyco Fire and Safety Human Resources dated 12/15/04.

## Summary

According to the death certificate, Daniel Roarty died on 08/08/04 due to blunt force injuries sustained in a motor vehicle accident.   On the Proof of Loss claim form, you indicated that "Vehicle accident at intersection of Rt. 896 and Bartville Rd.  Driver of truck ran a stop sign and hit our van on L front side.  Dan died and our 3 boys have broken bones."

The police incident report submitted with the claim confirms that the driver of a blue truck failed to stop at a stop sign and struck your minivan causing the injuries to Mr. Roarty and your children.

We contacted Tyco, Mr. Roarty's employer, to verify that he was on an authorized business trip at the time of his death as required by policy ABL 661690.  We received a brief letter dated 12/15/04 from Nicole Gibian, Human Resources, stating "Please use this letter as clarification that Mr. Roarty was NOT on business travel at the time of the accident that caused his death."

Mrs. Roarty, I extend my condolences to you for the loss of your husband.  Please understand that I must evaluate this claim based upon the information available in the file and the stipulations of the policy.

This is a Business Travel Accident insurance policy that provides benefits for losses which occur during the course of authorized business trips.  Mr. Roarty's employer has clearly stated that he was not on an authorized trip at the time of the car accident and therefore, no benefits can be issued under policy ABL 661690.

## Appeal Rights

This action is based on the information in our file.  If you are not satisfied or do not agree with the reason(s) for the denial of your claim, you may appeal the decision to:

> CIGNA Group Insurance
> PO Box 22328
> Pittsburgh, PA  15222-0328
> Attn: Lynne George

The appeal must be in writing, submitted within 60 days of the date you receive this letter and must contain the following information:

- the reason for the appeal and/or disagreement,
- the insured's name and social security number, and

CIGNA Group Insurance products and services are provided exclusively by underwriting subsidiaries of CIGNA Corporation, including Life Insurance Company of North America, CIGNA Life Insurance Company of New York, and Connecticut General Life Insurance Company. "CIGNA" is used to refer to these subsidiaries and is a registered service mark.

- **Information needed to su~~~~rt that Daniel Roarty was on an au~~~~rized business trip at the time of his death.**

Nothing contained in this letter should be construed as a waiver of any rights of defenses under the policy. The determination has been made in good faith and without prejudice under the terms and conditions of the contract, whether or not specially mentioned herein. Should you have any information which would prove contrary to our findings, please submit it to the undersigned. We would be pleased to review any objective information you would wish to submit.

You may request a review of this denial by writing to the Life Insurance Company of North America representative signing this letter. The written request for a review must be sent within 60 days of receipt of this letter and state the reason why you feel your claim should not have been denied. Include any documentation (e.g. medical data) that you feel supports your claim. You may request copies of our claim file records relevant to the claim determination upon request and free of charge. Under normal circumstances, you will be notified of the final decision within 60 days of the date your request for review is received. If there are special circumstances requiring delay, you will be notified of the final decision no later than 120 days after your request. You have a right to bring a legal action for benefits under the Employee Retirement Income Security Act of 1974 if your claim is denied on appeal.

We encourage you to either contact the Tyco International's employee benefits department or review the insurance booklet, certificate or coverage information made available to you, to determine if you are eligible for additional benefits.

Mrs. Roarty, if you have any questions, please call me. You can reach me at our toll free number 1.800.238.2125 extension 3224 from 6:30 a.m. to 3:00 p.m. Eastern Time, Monday through Friday or email me at . If you call and get my voice mail, leave a message and your call will be returned within one business day.

Sincerely,

*Marcy L. Miler*

Marcy L. Miler

Enclosure

CIGNA Group Insurance products and services are provided exclusively by underwriting subsidiaries of CIGNA Corporation, including Life Insurance Company of North America, CIGNA Life Insurance Company of New York, and Connecticut General Life Insurance Company. "CIGNA" is used to refer to these subsidiaries and is a registered service mark.

AR0117

1

**LIFE INSURANCE COMPANY**
**OF NORTH AMERICA**
1601 CHESTNUT STREET,
PHILADELPHIA, PENNSYLVANIA, 19192
A STOCK INSURANCE COMPANY

ABL 661690
BLANKET ACCIDENT POLICY

**THIS IS AN ACCIDENT ONLY POLICY.**
**IT DOES NOT PAY BENEFITS FOR LOSS CAUSED BY SICKNESS.**
**THIS IS A LIMITED POLICY.**
**READ IT CAREFULLY.**

This is a contract between us, the Life Insurance Company of North America, and you:

| | |
|---|---|
| **Name, Address And** | Tyco International Ltd. |
| **Nature of Business of** | One Tyco Park |
| **Policyholder:** | Exeter, NH 03833 |
| | |
| | Communications Equipment |

**Policy Term**—This policy will go into effect on July 1, 2002, and will expire on July 1, 2005 , at 12:01 a.m. standard time at your address. The policy anniversary will be July 1. Unless this policy is terminated by you or us (see General Provisions), this policy may be renewed for additional terms at the premium rates in effect at time of renewal.

**Scope Of Coverage**—In exchange for the payment of premiums (as set forth in Schedule III), we agree to pay benefits to all eligible persons (as defined in Schedule I):

    a)    who suffer injury to the body in any of the types of accidents described in Schedule IV, which happens while he is covered by this policy; and

    b)    who, as a direct result of the injuries, and from no other cause, suffer a covered loss (as defined in Description of Coverage).

This coverage is subject to the exclusions shown on a later page, and to all of the other terms of this policy. **This is an accident only policy. It does not pay benefits for loss caused by sickness. Read your policy with care.**

This policy shall be governed by the laws of the state in which it is delivered. As used in this policy, "he" and "his" includes "she" and "her."

**IN WITNESS WHEREOF,** we have signed this policy at Philadelphia, Pennsylvania.

*Robert J. Upton*
Robert J. Upton, Secretary

*Michael W. Bell*
Michael W. Bell, President

Countersigned _____

**PITTSBURGH**

**OCT 3 0 2002**

Group Life & Disability
Coverage Unit

LM-9359

AR0118

10

**BLANKET ACCIDENT POLICY**

---

Policyholder: Tyco International Ltd.

Part of Policy No. ABL 661690

Schedule Date: July 1, 2002

Applies To Classes: 1, 2 & 3

---

**SCHEDULE IV**
**HAZARDS INSURED AGAINST**

**24 HOUR COVERAGE WHILE TRAVELING ON BUSINESS AWAY FROM THE PREMISES OF THE POLICYHOLDER (Owned Aircraft Not Covered)**

We will pay the benefits described in the policy for any accident which occurs anywhere in the world while a covered person, on a business trip, is traveling or making a short stay:
   a)      away from your premises in his city of permanent assignment; and
   b)      on business for you, and in the course of your business.
All such trips must be authorized by you.

This coverage does not include:
   a)      commuting between the covered person's home and place of work; or
   b)      during personal deviations made by the covered person.
"Personal deviation" as used here, means an activity that is not reasonably related to your business, and not incidental to the business trip.

This coverage will start at the actual start of a trip.  It does not matter whether the trip starts at the covered person's home, place of work, or other place.  This coverage will end when the covered person:
   a)      arrives at his home or place of work, whichever happens first; or
   b)      makes a personal deviation.
If a covered person travels to another city, and is expected to remain there for more than 60 days, this shall be deemed a change in his city of permanent assignment.

**Exposure And Disappearance**--This coverage includes exposure to the elements, after the forced landing, stranding, sinking, or wrecking of a vehicle in which the covered person was traveling on business for you.
A covered person will be presumed to have died, for purposes of this coverage, if:
   a)      he is in a vehicle which disappears, sinks, or is stranded or wrecked, in the course of a trip which would be covered by the policy; and
   b)      his body is not found within a year of the accident.

**Aircraft Restrictions**--If the accident happens while a covered person is riding in, or getting on or off of, an aircraft, we will pay benefits, but only if:
   a)      he is riding as a passenger only, and not as a pilot or member of the crew; and
   b)      the aircraft has a valid certificate of airworthiness; and
   c)      the aircraft is flown by a pilot with a valid license; and
   d)      the aircraft is not being used for: (i) crop dusting, spraying, or seeding; fire fighting; sky writing; sky diving or hang gliding; pipeline or power line inspection; aerial photography or exploration; racing, endurance tests, stunt or acrobatic flying; or (ii) any operation which requires a special permit from the FAA, even if it is granted (this does not apply if the permit is required only because of the territory flown over or landed on).

**Owned Aircraft Not Covered**--We will not pay benefits if the aircraft is owned, leased or controlled by you, or any of your subsidiaries or affiliates.  An aircraft will be deemed to be "controlled" by you if you may use it as you wish for more than 10 straight days, or more than 15 days in any year.

Unless otherwise provided, we will pay benefits only once for any one covered loss, even if it was caused by more than one covered hazard.

LM-9D84

[2229]

AR0119

10

**BLANKET ACCIDENT POLICY**

---

Policyholder: Tyco International Ltd.

Part of Policy No. ABL 661690

Schedule Date: July 1, 2002

Applies To Classes: 1, 2 & 3

---

## SCHEDULE IV
### HAZARDS INSURED AGAINST

**24 HOUR COVERAGE WHILE TRAVELING ON BUSINESS AWAY FROM THE PREMISES OF THE POLICYHOLDER (Owned Aircraft Not Covered)**

We will pay the benefits described in the policy for any accident which occurs anywhere in the world while a covered person, on a business trip, is traveling or making a short stay:

    a)      away from your premises in his city of permanent assignment; and

    b)      on business for you, and in the course of your business.

All such trips must be authorized by you.

This coverage does not include:

    a)      commuting between the covered person's home and place of work; or

    b)      during personal deviations made by the covered person.

"Personal deviation" as used here, means an activity that is not reasonably related to your business, and not incidental to the business trip.

This coverage will start at the actual start of a trip. It does not matter whether the trip starts at the covered person's home, place of work, or other place. This coverage will end when the covered person:

    a)      arrives at his home or place of work, whichever happens first; or

    b)      makes a personal deviation.

If a covered person travels to another city, and is expected to remain there for more than 60 days, this shall be deemed a change in his city of permanent assignment.

**Exposure And Disappearance**--This coverage includes exposure to the elements, after the forced landing, stranding, sinking, or wrecking of a vehicle in which the covered person was traveling on business for you.

A covered person will be presumed to have died, for purposes of this coverage, if:

    a)      he is in a vehicle which disappears, sinks, or is stranded or wrecked, in the course of a trip which would be covered by the policy; and

    b)      his body is not found within a year of the accident.

**Aircraft Restrictions**--If the accident happens while a covered person is riding in, or getting on or off of, an aircraft, we will pay benefits, but only if:

    a)      he is riding as a passenger only, and not as a pilot or member of the crew; and

    b)      the aircraft has a valid certificate of airworthiness; and

    c)      the aircraft is flown by a pilot with a valid license; and

    d)      the aircraft is not being used for: (i) crop dusting, spraying, or seeding; fire fighting; sky writing; sky diving or hang gliding; pipeline or power line inspection; aerial photography or exploration; racing, endurance tests, stunt or acrobatic flying; or (ii) any operation which requires a special permit from the FAA, even if it is granted (this does not apply if the permit is required only because of the territory flown over or landed on).

**Owned Aircraft Not Covered**--We will not pay benefits if the aircraft is owned, leased or controlled by you, or any of your subsidiaries or affiliates. An aircraft will be deemed to be "controlled" by you if you may use it as you wish for more than 10 straight days, or more than 15 days in any year.

Unless otherwise provided, we will pay benefits only once for any one covered loss, even if it was caused by more than one covered hazard.

LM-9D84

[2229]

AR0120



**tyco**

*Fire &*
*Security*

t,..o Fire and Security
*One Town Center Road*
*Boca Raton, FL 33486*

*Telephone: 561-988-3600*
*Fax: 561-988-3631*

## Interoffice Memorandum

*This correspondence may contain confidential information intended for the use of the individual or entity to whom it is addressed. If the reader is no the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination of copying is strictly prohibited.*

| | |
|---|---|
| *Date* | 12/15/04 |
| **To** | Cigna |
| **From** | Nicole Gibian |
| **Subject** | Daniel Roarty |

Please use this letter as clarification that Mr. Roarty was NOT on business travel at the time of the accident that caused his death.    If you need additional information, please contact Felicia Johnson at the HRSC, 800-924-8518.

AR0130

9/15/2004 3:16:22 PM fjohnson
I called spouse w/ questions she had about the life ins.  Spouse advised for
the Cigna life policy the AD&D amount was not on the policy.  I advised to
complete the Cigna form and submit to me and I will write the amount for
the AD&D and fax her a copy.  Spouse also asked for the policy booklet.  I
stated she will have to request this from the carriers once the claim forms are
submitted.  Spouse wanted BTA policy and claim form.  I stated EE was not
eligible and per corp and not to submit the documentation.  Awaiting the
claim forms...

AR0216

9/16/2004 8:19:16 AM fjohnson
-Rec'd the following e-mail from Nicole:
Hi Felicia,

I spoke to Mrs. Roarty and told her we can send the BTA stuff to her but did state that we don't normally send this out because the circumstance of Dans death does not warrant BTA. She said she wants to try any way. So, go ahead and send her the BTA forms. She has been made aware that they are not eligible for benefit. Please paste this email in the case notes for future reference if need be.

Thanks,

Nicole

11

AR0217

# EXHIBIT "B"

Robert W. Bierzynski

Page 42

1    to go into Bachrach, then, yes, that would have been a

2    business trip from where he was.

3    BY MS. ALLEN:

4        Q.    And it would have been from Exton,

5    Pennsylvania, if he was leaving from Exton, Pennsylvania;

6    correct?

7        A.    No.

8        Q.    Okay.  Explain to me why not.

9        A.    If he was going to Pittsburgh on vacation and

10   while on vacation had an intention to go visit anyone in

11   the Pittsburgh area on business, then only that portion

12   of his trip would have been considered a business expense

13   from wherever he was staying in Pittsburgh.

14       Q.    Are you aware that Mr. Roarty left prior to

15   his scheduled vacation to attend the Bachrach plant?

16       A.    No, I'm not aware of that.

17       Q.    Okay.  If he left prior to his scheduled

18   vacation, then the business trip would begin in Exton,

19   Pennsylvania?

20       A.    No.

21       Q.    Okay.  Why do you say that?

22       A.    He left on a Saturday, that's not a business

23   day.  I don't even know when he left.  I'm assuming if he

24   left on a Saturday, that's not a business day.